Filed 8/6/13  P. v. Flores CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047880 |
| v. | (Super. Ct. No. 07HF1543) |
| JUAN VARGAS FLORES, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Juan Vargas Flores on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against his client but advised the court no issues were found to argue on his behalf. To assist the court with its independent review, counsel provided the court with information as to issues that might arguably support an appeal. Counsel provided information on three issues: (1) whether Flores was properly advised of his constitutional rights prior to his guilty pleas; (2) whether there was a factual basis for the guilty pleas; and (3) whether the sentence was consistent with the plea agreement. Flores was given 30 days to file written argument on his own behalf. Flores timely filed a letter with this court in response.

In his letter, Flores indicated in a rambling fashion various complaints about his attorney. Among other allegations, Flores alleged his lawyer was incompetent, discriminated against Latinos, and conspired with the prosecution to secure maximum sentences for her clients. Flores also asserted the victim was a liar and a thief and that he had been coerced into giving up his right to a jury trial and pleading guilty.

Counsel did not provide the court with any specific information to assist it with its independent review pursuant to *Anders v. California* (1967) 386 U.S. 738. Rather, counsel requested that this court independently examine the record on appeal. We have reviewed the information provided by Flores and we have independently examined the record. We found no arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436.) The judgment is affirmed.

## FACTS

An amended information charged Flores with the following: 11 counts of lewd act upon a child under 14 between the dates of January 1, 2007, and July 27, 2007, in violation of Penal Code[1] section 288, subdivision (a) (counts 1-11); two counts of

---

[1] All further statutory references are to the Penal Code.

aggravated sexual assault on a child on July 28, 2007, in violation of section 269, subdivision (a)(1) (counts 12 and 15); two counts of a forcible lewd act upon a child under 14 on July 28, 2007, in violation of section 288, subdivision (b)(1) (counts 13 & 16); two counts of a lewd act upon a child under 14 on July 28, 2007, in violation of section 288, subdivision (a) (counts 14 & 17); and one count of a lewd act upon a child under 14 between the dates of May 1, 2007, and July 28, 2007, in violation of section 288, subdivision (a) (count 18). The amended information alleged Flores engaged in substantial sexual conduct with the victim pursuant to section 1203.066, subdivision (a)(8). All counts involved the same victim.

Flores pled guilty to counts 1, 2, 4, 5, 6, 10, and 11. He also admitted the substantial sexual conduct allegations.

Before accepting the plea, the trial court advised Flores[2] that his lawyer and the prosecutor had engaged in settlement negotiations. As a result, the prosecutor had agreed to let him plead guilty to only those charges that were consistent with his statement to the police. The prosecutor indicated Flores would be allowed to plead guilty to eight counts and the balance of the counts would be dismissed. There was also an agreement the court would not sentence Flores to more than 18 years in prison. The court then advised Flores that upon his guilty plea, the prosecutor had agreed to dismiss any count that was punishable by a life sentence. The court also informed Flores that his lawyer would be allowed to argue for a sentence less than 18 years. When asked if he had any questions about the plea offer, Flores stated, "No." When asked by the court if he wished to accept the plea offer or reject it, Flores stated, "I accept."

---

[2]          Flores was assisted by a certified Spanish language interpreter.

3

The trial court advised Flores that by pleading guilty to the felony offenses described, he would be giving up all the rights he would have to a jury trial and the matter would be continued for a sentencing hearing. When asked if he understood, Flores stated, "Yes." The court advised Flores that if he wished to plead guilty he would need to review documents with his lawyer and sign them. When the court asked if that was all right, Flores responded, "Yes."

After a brief recess, the trial court asked Flores if he understood the maximum sentence that could be imposed was 20 years, and that under the plea agreement, the sentence could not exceed 18 years. Flores indicated he understood. The court confirmed the guilty plea form had been translated into Spanish and the initials on the form were in fact entered by Flores. The court reviewed in great detail each of the constitutional rights on the form in open court with Flores. After explaining each individual constitutional right, the court asked Flores if he gave up that right. The court also reviewed with Flores the factual basis offered on the guilty plea form. On the guilty plea form, Flores offered the following factual basis for his pleas and admissions: "In Orange County, California, on six separate occasions on or about 1/1/07 and 7/27/07 and again on 7/28/07, I willfully, lewdly and unlawfully committed a lewd and lascivious act upon the body of Jane Doe, who was under age 14. When I did these acts, I did them to gratify Jane Doe's sexual pleasures and/or my own sexual pleasures. I am not eligible for probation because I engaged in substantial sexual conduct with Jane Doe as defined in . . . section 1203.066[, subdivision](a)(8)." Having completed the advisement of rights and accepting waivers of all these rights, the court accepted guilty pleas on counts 1, 2, 4, 5, 6, 10, and 11. Flores also admitted the special allegations of substantial sexual conduct that prohibited the granting of probation. Counsel joined in the pleas and the waivers. The court found Flores had entered knowing, intelligent, and voluntary waivers of all his constitutional rights and found there was a factual basis for the pleas. Flores waived time for sentencing and the matter was continued for 23 days.

4

When Flores returned for sentencing, the trial court heard argument from the prosecutor and from defense counsel. And the court heard from Flores. Flores expressed his regret for "being weak" and suggested he had been "dominated" by the victim. He insisted he would never engage in this type of conduct again. The court imposed a sentence of 16 years in prison.

Flores did not secure a certificate of probable cause but filed a notice of appeal indicating "this appeal is after a contested sentencing hearing."

DISCUSSION

Section 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." Flores failed to obtain a certificate of probable cause as required by section 1237.5. Accordingly, he is not entitled to a review of the validity of his plea. (*People v. Johnson* (2009) 47 Cal.4th 668, 675.)

Flores asserts he is appealing after a contested sentencing hearing. But the sentencing was consistent with the plea agreement he entered. Issues that relate to defendant's sentencing in accordance with the plea bargain to which he agreed may not be raised on appeal. In *People v. Panizzon* (1996) 13 Cal.4th 68, 89, the California Supreme Court held that where a defendant is sentenced in accordance with the terms of a plea bargain that provides for a particular sentence, and then attempts to challenge that sentence on appeal, he must secure a certificate of probable cause. The court explained

5

that because the defendant is "in fact challenging the very sentence to which he agreed as part of the plea," the challenge "attacks an integral part of the plea [and] is, in substance, a challenge to the validity of the plea, which requires compliance with the probable cause certificate requirements of section 1237.5 and [former California Rules of Court,] rule 31(d)." (*Id.* at p. 73.)

Here, the record clearly demonstrates the parties expressly agreed to imposition of a sentence not greater than 18 years. Flores was facing a possible sentence of 20 years. The court imposed a sentence of 16 years. Since Flores received the sentence for which he bargained, any challenge to his sentence constitutes a challenge to the validity of his plea. (*People v. Cuevas* (2008) 44 Cal.4th 374, 384.)

If we were to find a certificate of probable cause was not required and consider the merits of Flores's claims, we conclude his claims are meritless. We will first address the issues suggested by counsel and then the issues raised by Flores in the letter he sent to the court.

*Advisement of Rights*

In *Boykin v. Alabama* (1969) 395 U.S. 238, 242, the United States Supreme Court held that "[i]t was error . . . for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." The California Supreme Court in *In re Tahl* (1969) 1 Cal.3d 122, 132, held that to comply with the requirements of *Boykin*, "the record must contain on its face direct evidence that the accused was aware, or made aware, of his right to confrontation, to a jury trial, and against self-incrimination, as well as the nature of the charge and the consequences of his plea. Each must be enumerated and responses elicited from the person of the defendant." "[U]nlike the admonition of constitutional rights, . . . advisement as to the consequences of a plea is not constitutionally mandated. Rather, the rule compelling such advisement is

6

'a judicially declared rule of criminal procedure.'" (*People v. Walker* (1991) 54 Cal.3d 1013, 1022, overruled on other grounds in *People v. Villalobos* (2012) 54 Cal.4th 177, 183.)

Here, the record reflects that before initialing and signing the form, Flores was assisted by an interpreter in reviewing the guilty plea form. The form advised him he had several rights including the right to a jury trial, the right to confront and cross-examine witnesses, to present a defense, and his right against self-incrimination. Flores initialed and signed the form and counsel reviewed the form with him. The court then painstakingly reviewed the rights again before accepting the waivers. The record affirmatively reflects Flores was explicitly advised of all of his rights and entered knowing and voluntary waivers of all of his rights. Accordingly, we conclude Flores was properly advised of his constitutional rights prior to entering his guilty pleas and admission.

*Factual Basis for Plea*

"[A] trial court possesses wide discretion in determining whether a sufficient factual basis exists for a guilty plea. The trial court's acceptance of the guilty plea, after pursuing an inquiry to satisfy itself that there is a factual basis for the plea, will be reversed only for abuse of discretion. [Citation.] A finding of error under this standard will qualify as harmless where the contents of the record support a finding of a factual basis for the conditional plea. [Citations.]" (*People v. Holmes* (2004) 32 Cal.4th 432, 443.) The court need not obtain an element-by-element factual basis for the plea, but need only obtain a prima facie factual basis. (*People v. Marlin* (2004) 124 Cal.App.4th 559, 572.) We find there was an adequate factual basis offered to the court and find no abuse of discretion.

7

*Sentence Consistent with Plea Agreement*

Before accepting the plea, the trial court informed Flores that as a result of plea negotiations between the prosecutor and his lawyers, Flores would be allowed to plead guilty to only those charges that were consistent with his statement to the police and that under the agreement, the court would not sentence Flores to more than 18 years in prison. The court also informed Flores his lawyer would be allowed to argue for a sentence of less than 18 years. When asked if he had any questions about the plea offer, Flores stated, "No." When asked by the court if he wished to accept the plea offer or reject it, Flores stated, "I accept." As agreed, at the sentencing hearing Flores's defense counsel was allowed to argue for a sentence of less than 18 years. The court then imposed a sentence of 16 years in state prison. This sentence was clearly consistent with the plea agreement. We find no error.

*Flores's Assertions*

The complaints Flores lodges against his lawyer are unsupported by the record. Flores states his lawyer told him that if he entered guilty pleas "the judge would have the last word leaving me free or with [three] or [five] or [seven] years with all of my credit I will go home." Nonsense. Before taking the plea, the court went to great lengths to explain to Flores the only promise was the sentence would be no be greater than 18 years. At the sentencing hearing, the court began by stating there had been an initial agreement "that the court could sentence the defendant within the court's discretion to nothing greater than 18 years in prison." Both counsel indicated that was the understanding of the plea agreement. Flores was present as the prosecutor and his lawyer argued as to the appropriate prison term. When Flores addressed the court at his sentencing hearing, he sought to minimize his behavior by telling the court he "never hurt that little girl." "I never forced her." Flores stated he had "paid being locked up here for something that I see as unfair because I never raped her." Although his statements could

8

be viewed as suggesting he should go free, at no time did Flores suggest he had been promised a sentence of three, five, or seven years.

We have reviewed the entire record focusing upon grounds for appeal arising after entry of the plea.  Having done so, we conclude there is no arguable issue on appeal.

DISPOSITION

The judgment is affirmed.

O'LEARY, P. J.

WE CONCUR:

RYLAARSDAM, J.

MOORE, J.

9