Filed 9/16/13  P. v. Rodriguez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GILBERT MANUEL RODRIGUEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B242775<br>(Super. Ct. No. 2008032492)<br>(Ventura County) |

Gilbert Manuel Rodriguez appeals from the judgment entered following his guilty plea to aggravated sexual assault of a child under 14, and more than 10 years younger than him.  (Pen. Code, § 269, subd. (a)(1) & (2)).[1]  Pursuant to a negotiated plea agreement, the trial court dismissed five other charges (including two counts of lewd acts upon a child (§ 288, subd. (c)(1)), and sentenced appellant to state prison for a stipulated sentence of 15 years to life.  When he pled, appellant also entered a "*Harvey* waiver" and agreed that the facts of the dismissed charges could be considered at sentencing.  (*People v. Harvey* (1979) 25 Cal.3d 754.)  The court also ordered appellant to pay direct victim restitution for noneconomic damages, as well as other forms of restitution, and various fees and fines.  Appellant contends that the court lacked authority to order restitution for

---

[1] All statutory references are to the Penal Code unless otherwise stated.

noneconomic damages, because he was not convicted of section 288.[2]  As we shall explain, a sentencing court may order restitution for noneconomic damages when a dismissed count both qualifies for such an award and is accompanied by a *Harvey* waiver.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant's step-daughter is the sole victim of the charged offenses. Beginning in 2001, when the victim was 12 years old, appellant raped and otherwise sexually assaulted her almost weekly, for about two years.  After the victim turned 14, appellant raped and sexually assaulted her nearly every day, until she was 17 years old.

The prosecution charged appellant with three counts of aggravated sexual assault of a child under the age of 14, and more than 10 years younger than him (§ 269, subd. (a)(1) & (2)); two counts of committing lewd acts on a child under the age of 14, and more than 10 years younger than him (§ 288, subd. (c)); and continuous sexual abuse of a child living in his home (§ 288.5, subd. (a)).

Appellant and the prosecution entered into an agreement in which he promised to plead guilty to the charge that in 2001 he committed the aggravated sexual assault of a child under the age of 14 (§ 269, subd. (a)(1), by rape, as alleged in count one.  Appellant signed the agreement, and also initialed several of its provisions, including the following:  "I may be ordered to pay restitution to the victim.  I understand that I am entitled to a judicial determination of the amount of restitution and that, unless otherwise ordered, the probation and sentencing hearing will constitute the hearing on the amount of restitution."  " I.  HARVEY WAIVER  [¶]  I agree that all facts and

---

[2] Respondent argues that we must dismiss the appeal because appellant did not obtain a certificate of probable cause.  We disagree.  A "certificate of probable cause" is not required" if "the appeal is based on [g]rounds that arose after entry of the plea and do not affect the plea's validity."  (Cal. Rules of Court, rule 8.304(b)(4)(B); §§ 1237, subd. (b); 1237.5.)  The plea agreement stated appellant could be required to pay restitution, and gave the trial court discretion to impose restitution.  (See *People v. Villalobos* (2012) 54 Cal.4th 177, 183 [a restitution fine is set at the trial court's discretion when it is not mentioned in a plea agreement or during the plea colloquy].)  Appellant does not attack the validity of his plea.  He claims the trial court abused its discretion in selecting the nature and amount of restitution.

information relating to any and all counts, allegations of prior convictions, and other sentencing enhancement allegations which are dismissed by the court as part of this disposition may be included in the probation report and considered by the court in determining sentence."  In open court, appellant acknowledged his understanding of these provisions, as well as other consequences of his plea, including the possibility of being sentenced to state prison for a maximum term of 15 years to life.  The court accepted his plea.  In a subsequent hearing, the court sentenced appellant to state prison for 15 years to life, dismissed the remaining counts, and set the matter for a restitution hearing.

The probation report recommended that appellant be ordered to pay restitution to the victim in an amount to be determined by the trial court.  The prosecutor submitted a brief urging the court to order restitution, including noneconomic damages of $250,000, payable to the victim, and appellant submitted a response to the probation report.  The court heard the parties' arguments during restitution proceedings, and ordered restitution, including direct victim restitution for noneconomic damages in the amount of $250,000.

DISCUSSION

*Noneconomic Restitution (§ 1202.4, subd. (f)(3)(F))*

Appellant argues that the trial court lacked authority to order noneconomic damages because he was not convicted of violating section 288.[3]  We disagree.

We review a victim restitution order for abuse of discretion.  (*People v. Mearns* (2002) 97 Cal.App.4th 493, 498.)  A court abuses its discretion only if its decision is arbitrary or capricious or based on a demonstrable error of law.  (*People v. Akins* (2005) 128 Cal.App.4th 1376, 1382.)  We affirm the order if there is a factual and rational basis for the restitution award.  (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1542.)  We determine whether there is sufficient evidence to support the inference drawn

---

[3] Respondent asserts that appellant forfeited this claim by failing to raise it below. We address the claim on the merits because appellant argues that the court lacked authority to issue the challenged order.  (*People v. Scott* (1994) 9 Cal.4th 331, 351-354; *People v. Percelle* (2005) 126 Cal.App.4th 164, 179.)

by the trier of fact, without reweighing the evidence. (*People v. Perry* (1972) 7 Cal.3d 756, 785, disapproved on other grounds in *People v. Green* (1980) 27 Cal.3d 1, 28.)

"Article I, section 28, subdivision (b)(13)(A)-(C) provides victims the right to restitution from criminal defendants. It states: '(A) It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer. [¶] (B) Restitution shall be ordered from the convicted wrongdoer in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss. [¶] (C) All monetary payments, monies, and property collected from any person who has been ordered to make restitution shall be first applied to pay the amounts ordered as restitution to the victim.'" (*People v. Smith* (2011) 198 Cal.App.4th 415, 531.)

"Implementing article I, section 28, subdivision (b)(13), Penal Code section 1202.4, subdivision "(f) requires the trial court to order the defendant to pay restitution to the victim 'in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court.' 'The defendant has the right to a hearing before a judge to dispute the determination of the amount of restitution. . . .' (§ 1202.4, subd. (f)(1).)" *People v. Smith, supra,* 198 Cal.App.4th at p. 531.)

Generally, restitution orders are limited to the victim's economic damages, with one exception "for '[n]oneconomic losses, including, but not limited to, psychological harm, for felony violations of Section 288.' (§ 1202.4, subd. (f)(3)(F); [Citation].)" (*People v. Smith, supra*, 198 Cal.App.4th at p. 431.) Appellant argues that the statute only authorizes a court to order restitution for noneconomic damages when the defendant has been "convicted of a violation of section 288."[4] The construction urged by

_____

[4]The relevant provisions of section 1202.4, subdivision (f)(3)(F) read as follows: "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. . . . [¶] . . . [¶] (3) To the extent possible, the restitution order shall be prepared by the sentencing court . . . and shall be of a dollar amount that is sufficient to fully reimburse the victim . . . for every

4

appellant would require us to rewrite the statute by replacing the word "violations" with the word "convictions." We are not authorized to rewrite statutes. (Code Civ. Proc., § 1858 ["In the construction of a statute . . . the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted . . . ."].)

In *People v. Beck* (1993) 17 Cal.App.4th 209, as here, the defendant claimed that his *Harvey* waiver did not authorize the court to impose restitution for dismissed charges. In rejecting *Beck's* claim, the court observed that section 1192.3 "clearly recognizes that restitution ordered on dismissed counts is valid provided the plea under which payment of restitution is made a condition was 'freely and voluntarily made, there is factual basis for the plea, and the plea and all conditions are approved by the court.'" (*Id*. at p. 217.) Section 1192.3, subdivision (b) directs the court to "obtain a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754 from the defendant as to the dismissed count" for restitution attributable to a count dismissed pursuant to a plea bargain.[5]

In *People v. Harvey, supra,* 25 Cal.3d 754, our Supreme Court concluded that "facts underlying, and solely pertaining to" dismissed counts cannot be relied upon "absen[t] any contrary agreement." (*Id*. at p. 758; see also *People v. Moser* (1996) 50

---

determined economic loss incurred as the result of the defendant's criminal conduct, including, but not limited to, all of the following: [¶] . . . ¶] (F) Noneconomic losses, including, but not limited to, psychological harm, for felony violations of Section 288."

[5] Section 1192.3 provides as follows in its entirety: "(a) A plea of guilty or nolo contendere to an accusatory pleading charging a public offense, other than a felony specified in Section 1192.5 or 1192.7, which public offense did not result in damage for which restitution may be ordered, made on the condition that charges be dismissed for one or more public offenses arising from the same or related course of conduct by the defendant which did result in damage for which restitution may be ordered, may specify the payment of restitution by the defendant as a condition of the plea or any probation granted pursuant thereto, so long as the plea is freely and voluntarily made, there is factual basis for the plea, and the plea and all conditions are approved by the court. [¶] (b) If restitution is imposed which is attributable to a count dismissed pursuant to a plea bargain, as described in this section, the court shall obtain a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754 from the defendant as to the dismissed count."

5

Cal.App.4th 130, 132-133.) The "contrary agreement" has become known as a *Harvey* waiver. (*People v. Beck, supra,* 17 Cal.App.4th at p. 216.)

In this case, appellant entered into a *Harvey* waiver as part of his negotiated plea of guilty to one violation of section 269, subdivision, (a)(1) and (2). In exchange, the prosecution agreed that appellant would be sentenced to a term of 15 years to life in prison, and agreed to the dismissal of five remaining counts. The dismissed counts included two counts of lewd or lascivious conduct on a child victim (§ 288, subd. (c)(1)). Appellant's *Harvey* waiver expressly stated that in sentencing him, the court could consider all facts and information concerning all counts dismissed by the court as part of the disposition. He also promised to pay victim restitution. Thus, the court was entitled to consider his dismissed counts in arriving at victim restitution in this case. (*People v. Beck, supra,* 17 Cal.App.4th at pp. 214-216.)

We reject appellant's claim that his *Harvey* waiver did not encompass restitution because there was no "specific agreement" that the court could order restitution on the dismissed counts, as there was in *People v. Beck*, *supra*, 17 Cal.App.4th at p. 217. The parties' extensive arguments below reflect their understanding that appellant's *Harvey* waiver included restitution. For example, the prosecution's restitution brief sought noneconomic damages for conduct that occurred "from the time [the victim] was eight year[s] old until she left the home as an adult." It further argued that the victim had ongoing "problems caused by the abuse." In his May 25, 2012 "response to the probation report," appellant did not challenge the court's authority to impose such restitution, although the probation report had recommended it. Neither in his written response nor in his argument at sentencing did he assert that such restitution was beyond the scope of the *Harvey* waiver. Moreover, in appellant's case, there was arguably a more compelling basis than in *Beck* to impose restitution for the dismissed charges. Appellant's dismissed charges (committing lewd acts on a child) were strongly related to charge to which he pled guilty (aggravated sexual assault of a child). Appellant's charges involved and damaged the same child victim, unlike the dismissed charges against multiple victims in *Beck*. (*Id.* at pp. 212-213, 215, 222.)

6

The prosecution agreed to accept appellant's plea of guilty to aggravated sexual assault of a child, in exchange for his agreement to pay restitution to the victim, and to allow the court to consider the dismissed charges in its disposition of his case. He received the benefit of that bargain, and he has not asked this court to set aside his plea. While it would be a better practice for a written plea agreement to refer to restitution within the "Harvey Waiver" paragraph, the record leaves no doubt that appellant agreed that the court could consider the dismissed charges in ordering restitution.

*The Court Did Not Abuse its Discretion by*

*Ordering $250,000 of Restitution for Noneconomic Damages*

Appellant further claims that the trial court abused its discretion in ordering appellant to pay $250,000 in noneconomic damages, and that substantial evidence does not support the order for that amount of damages. The record belies both claims.

In *People v. Smith, supra,* 198 Cal.App.4th 415, the court addressed the standard for fixing noneconomic damages as follows: "We are guided . . . by the civil jury instruction concerning noneconomic loss: 'No fixed standard exists for deciding the amount of these damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.' (CACI No. 3905A (2009 ed.).) On appeal from a civil judgment awarding attorney fees, the review is deferential to the fact finder's decision: 'The amount of damages is a fact question, first committed to the discretion of the jury and next to the discretion of the trial judge on a motion for new trial. They see and hear the witnesses and frequently, as in this case, see the injury and the impairment that has resulted therefrom. As a result, all presumptions are in favor of the decision of the trial court [citation]. The power of the appellate court differs materially from that of the trial court in passing on this question. An appellate court can interfere on the ground that the judgment is excessive only on the ground that the verdict is so large that, at first blush, it shocks the conscience and suggests passion, prejudice or corruption on the part of the jury.' (*Seffert v. Los Angeles Transit Lines* (1961) 56 Cal.2d 498, 506-507.)" (*Id*. at p. 436.) The *Smith* court thus held that a restitution order for noneconomic damages should be affirmed as long as it "does not, at first blush, shock the

conscience or suggest passion, prejudice or corruption on the part of the trial court." (*Ibid*.)

In *Smith,* "the trial court expressed its willingness to base the award on 15 years of abuse by defendant" and multiplied "15 years by $50, 000," to arrive at its $750,000 noneconomic damages award. (*People v. Smith, supra,* 198 Cal.App.4th at p. 437.) In challenging the award, the defendant stressed that he was "convicted of only seven years of abuse." (*Ibid.*) The court upheld the award, among other reasons, because the victim's "pain and suffering as a result of the crimes [had] lasted well beyond her childhood." (*Id*. at p. 435.)

In this case, substantial evidence supports the trial court's restitution order for noneconomic damages of $250,000. As the probation report indicates, appellant "sexually abused [the victim] for five years [and] emotionally ruined" her. She "feels cheated, betrayed, and has a hard time trusting people." Appellant's conduct ruined her relationship with her mother. The court did not abuse its discretion by issuing the challenged order, which "does not . . . shock the conscience or suggest passion, prejudice or corruption on the part of the trial court." (*People v. Smith, supra,* 198 Cal.App.4th at p. 436.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

8

Charles W. Campbell, Judge

Superior Court County of Ventura

_____


Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Eric E. Reynolds, Esther P. Kim, Deputy Attorneys General, for Plaintiff and Respondent.