Filed 6/4/12

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | S176574 |
| v. | ) | |
| | ) | Ct.App. 5 Crim. F056729 |
| RAMIRO VILLALOBOS, | ) | |
| | ) | Tulare County |
| Defendant and Appellant. | ) | Super. Ct. No. VCF189886A |
| _____ | ) | |

We granted review to address whether imposition of a mandatory restitution fine violates a defendant's plea agreement where the parties fail to make the fine an express term of the agreement and where the trial court fails to mention the fine during the plea colloquy. We explained in *People v. Crandell* (2007) 40 Cal.4th 1301 (*Crandell*), that " 'the core question in every case is . . . whether the restitution fine was actually negotiated and made a part of the plea agreement, or whether it was left to the discretion of the court.' " (*Id.* at p. 1309, quoting the Court of Appeal.) Because the amount of defendant's restitution fine was neither made a part of his plea agreement nor otherwise specified in the plea colloquy, we conclude that it was left to the trial court's discretion. The Court of Appeal reached the same conclusion. Accordingly, we affirm its judgment.

## BACKGROUND

Defendant was charged with attempted premeditated murder, assault with a deadly weapon, and second degree robbery, with each count including enhancements. Defendant pleaded no contest to attempted murder with a street-

1

gang enhancement and to second degree robbery in exchange for a 17-year prison term and dismissal of the other allegations.

During the plea colloquy, the prosecutor informed the trial court of the agreement and then said, " 'there are obviously the advisements. This is going to be a plea regarding gang registration and restitution, [a] strike and the deportation consequences pursuant to [Penal Code, section] 186.30.' The court responded, 'Those will definitely be all incorporated.' The court asked whether [defendant] understood the maximum prison sentence to be 15 years to life. [Defendant] said he understood. The court . . . asked whether [defendant] agreed to a [prison] term of 17 years. [Defendant] said he [did]. The court advised [defendant] of other consequences of his plea, including possible immigration consequences and the possibility that the plea would establish a parole or probation violation. [Defendant] said he understood."

The court then asked defendant if he "under[stood] that as a result of your plea, you may be required to pay restitution." Defendant said, "Yes, ma'am." The court further inquired, "Other than what I have told you regarding the consequences of your plea, has anyone threatened you or promised you anything today to enter into this plea." Defendant responded, "No." The court said nothing regarding restitution fines and gave no further advisements. Defendant did not object at any time during the plea colloquy.

At sentencing, the court imposed a prison term of 17 years. In addition, based upon a recommendation of the probation department, the court imposed a $4,000 restitution fine pursuant to Penal Code section 1202.4, subdivision (b), and a $4,000 parole revocation fine pursuant to Penal Code section 1202.45, with the latter suspended. The court also ordered victim restitution to remain open pending any future medical or counseling expenses. Defendant did not make any objections.

On appeal, defendant argued that because the trial court erred in failing to

2

advise him of the restitution fine and parole revocation fine, imposition of each $4,000 fine violated his plea agreement. Relying on *People v. Walker* (1991) 54 Cal.3d 1013 (*Walker*), defendant asked the Court of Appeal to reduce both fines to the then applicable statutory minimum of $200. The Court of Appeal agreed that the trial court erred in failing to advise defendant of the fines, but it held that imposition of the fines did not violate the plea agreement. Observing that both fines are statutorily mandated, the Court of Appeal explained that the parties' and trial court's silence with respect to the amount of the fines in the plea agreement and during the plea colloquy left resolution of that issue to the trial court's discretion. In affirming the judgment, the Court of Appeal relied on our decision in *Crandell*, *supra*, 40 Cal.4th 1301, and sought to distinguish the instant case from *Walker*.

We granted review.

## DISCUSSION

Penal Code section 1202.4, subdivisions (a) and (f) require every person convicted of a crime to pay restitution directly to the victim in an amount equal to the economic loss suffered by the victim as a result of the defendant's conduct. (Further undesignated statutory references are to the Penal Code.) Separate and apart from restitution, section 1202.4, subdivision (b) requires every person convicted of a crime to pay a restitution fine: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record." A restitution fine is not paid by the defendant directly to the victim. Instead, it "shall be deposited in the Restitution Fund in the State Treasury" (§ 1202.4, subd. (e)), from which crime victims may obtain compensation through an application process (see Gov. Code, §§ 13950-13960).

If a person is convicted of a felony, as defendant was here, under the present version of the statute "[t]he restitution fine shall be set at the discretion of the court

3

and commensurate with the seriousness of the offense, but shall not be less than two hundred forty dollars ($240) . . . and not more than ten thousand dollars ($10,000)." (§ 1202.4, subd. (b)(1), as amended by Stats. 2011, ch. 358, § 1; see *id.*, subds. (b)(2), (d) [listing various factors a court may consider in setting the fine amount].)

In addition, section 1202.45 requires every person who "is convicted of a crime and whose sentence includes a period of parole" to pay "an additional parole revocation restitution fine in the same amount as" the restitution fine under section 1202.4, subdivision (b). (§ 1202.45.) The parole revocation fine is also paid into the state Restitution Fund, and the fine "shall be suspended unless the person's parole is revoked." (*Ibid.*)

Against this statutory backdrop, our cases have made clear that "defendants are free to negotiate the amount of restitution fines as part of their plea bargains." (*People v. Soria* (2010) 48 Cal.4th 58, 65, fn. 6 (*Soria*); see *In re McClellan* (1993) 6 Cal.4th 367, 380 (*McClellan*).) The parties to a criminal proceeding may choose to agree on a specific amount between the statutory minimum and maximum, or they may leave it up to the sentencing court's discretion. (See *Crandell*, *supra*, 40 Cal.4th at p. 1309.) In this case, the plea agreement did not mention the imposition of a restitution fine or parole revocation fine, and the trial court did not advise defendant of either fine during the plea colloquy. Under these circumstances, may such a fine be imposed, and if so, in what amount?

At the outset, it is important to distinguish "two related but distinct legal principles" implicated here. (*Walker*, *supra*, 54 Cal.3d at p. 1020.) First, "before taking a guilty plea the trial court must admonish the defendant of both the constitutional rights that are being waived and the direct consequences of the plea." (*Id.* at p. 1022.) "A possible $10,000 restitution fine constitutes such a direct consequence" (*ibid.*), and the trial court in this case should have advised defendant accordingly. However, we have held that because "advisement as to the

4

consequences of a plea is not constitutionally mandated," "the error is waived absent a timely objection." (*Id.* at pp. 1022, 1023.) In this case, defendant failed to object to the restitution fine at or before sentencing; thus, the advisement error does not entitle defendant to a remedy.

The second principle is the constitutional due process requirement that "both parties, including the state, must abide by the terms of [a plea] agreement" and "[t]he punishment may not significantly exceed that which the parties agreed upon." (*Walker*, *supra*, 54 Cal.3d at p. 1024; see *ibid.* [a restitution fine "qualifies as punishment for this purpose"].) A defendant forfeits a claim that his punishment exceeds the terms of a plea bargain when the trial court gives a section 1192.5 admonition and the defendant does not withdraw his plea at sentencing. (*Walker*, *supra*, 54 Cal.3d at pp. 1024-1025; see § 1192.5 [requiring trial court, upon approving a plea, to inform defendant that its approval is not binding and that defendant may withdraw the plea if the court withdraws its approval before sentencing].) Here, the trial court did not give a section 1192.5 admonition, so defendant's failure to object at sentencing does not waive his claim on appeal. This claim — that imposition of the two $4,000 fines violated the terms of his plea bargain — is the basis of defendant's argument for relief.

In support of his claim, Defendant relies exclusively on our holding in *Walker*, *supra*, 54 Cal.3d 1013. In that case, the defendant pleaded guilty to one felony count in exchange for dismissal of another charge and a five-year prison term with credit for time served. (*Id.* at pp. 1018-1019.) In taking the plea, the trial court advised the defendant that " 'the maximum penalties provided by law for this offense are either 3 years, 5 years, or 7 years in state prison and a [penal] fine of up to $10,000,' followed by a period of parole." (*Id.* at p. 1019; see § 672 [if no fine is otherwise prescribed, the court may impose a penal fine of up to $10,000 for a felony conviction].) At sentencing, the court imposed the agreed-upon prison term

5

as well as a $5,000 restitution fine.  (*Walker*, *supra*, 54 Cal.3d at p. 1019.)  "The probation report prepared before the plea, and supplied to the defense, recommended a $7,000 restitution fine; the record discloses no other mention of the possibility of such a fine prior to sentencing.  Defendant did not object to the fine at sentencing."  (*Ibid.*)

On appeal, the defendant claimed that the fine exceeded the terms of the plea bargain.  We agreed, observing that "the $5,000 restitution fine was a significant deviation from the negotiated terms of the plea bargain."  (*Walker*, *supra*, 54 Cal.3d at p. 1029.)  After concluding that Walker's plea agreement was violated, we considered the appropriate remedy.  We said that "striking the fine is not appropriate because the fine is mandatory," yet "allowing the defendant to withdraw his plea for want of a restitution fine will often be undesirable."  (*Id.* at p. 1027.)  The proper remedy, we concluded, is "to reduce the fine to the statutory minimum," an amount that "[i]n the context of felony pleas, . . . is not, as a matter of law, 'significant.' "  (*Ibid.*)  This solution "achieve[s] substantial compliance with the terms of the plea bargain without violating the statutory requirement of a restitution fine."  (*Id.* at p. 1028.)

Although *Walker* held that the defendant's plea agreement was violated, the court's opinion provided no explanation for its finding that the plea agreement contemplated no significant restitution fine.  In stating that "the $5,000 restitution fine was a significant deviation from the negotiated terms of the plea bargain" (*Walker*, *supra*, 54 Cal.3d at p. 1029), the court did not point to any facts indicating that the parties actually negotiated the exclusion of a substantial fine.  In later cases, we have said that the defendant in *Walker* " 'reasonably could have understood the negotiated plea agreement to signify that no substantial fine would be imposed.' " (*Crandell*, *supra*, 40 Cal.4th at p. 1310, quoting *In re Moser* (1993) 6 Cal.4th 342, 356 (*Moser*).)  But those cases also do not explain what facts supported Walker's

6

reasonable belief that no substantial fine would be imposed.  This gap in *Walker*'s reasoning leads Villalobos to argue here that, under *Walker*, a restitution fine above the statutory minimum may not be imposed when the fine is not mentioned either by the parties in the plea agreement or by the trial court during the plea colloquy.

Although defendant's reading of *Walker* is not unreasonable, we believe it cannot be reconciled with subsequent cases where we have held that mere silence by the parties and trial court concerning a statutorily mandated punishment does not make exclusion of the punishment a negotiated term of a plea agreement.  As we explain and now clarify below, when a restitution fine is not mentioned in the plea agreement or in the trial court's plea colloquy, "[t]he restitution fine shall be set at the discretion of the court." (§ 1202.4, subd. (b)(1).)  *Walker* left unclear the basis for the defendant's belief that his plea agreement excluded imposition of a substantial fine.  To the extent *Walker* suggests that the parties' and trial court's silence provided such a basis, it is overruled.

Since *Walker*, we have said that a plea agreement is not violated by imposition of a statutorily mandated term that was omitted from the agreement.  In *Moser*, the defendant pleaded guilty to second degree murder.  The record on appeal contained no indication that the parties had negotiated the period of parole, and when the trial court took the plea, it incorrectly advised the defendant that his maximum period of parole was 48 months when in fact the applicable statute mandated a lifetime parole period. (*Moser*, *supra*, 6 Cal.4th at p. 347, citing § 3000.1, subd. (a).)  We held that the misadvisement was error and remanded for a determination of whether the defendant was prejudiced by the misadvisement. (*Moser*, *supra*, 6 Cal.4th at p. 353.)  Separately, we considered the defendant's additional argument that "imposition of a lifetime term of parole constituted a violation of the parties' plea agreement." (*Ibid.*)  On that issue, we said that lifetime parole "is a statutorily mandated element of punishment imposed upon every

7

defendant convicted of second degree murder. (§ 3000.1, subd. (a).) Neither the prosecution nor the sentencing court has the authority to alter the applicable term of parole established by the Legislature. [Citations.]" (*Moser*, *supra*, 6 Cal.4th at p. 357.) We went on to say that imposition of lifetime parole would not violate the plea agreement even though the parties' negotiations appeared to be silent on the subject of parole: "In the present case, if (as appears from the record) the subject of parole was not encompassed by the parties' plea negotiations, imposition of the statutorily mandated term of parole would not constitute a violation of the parties' plea agreement. [Citation.]" (*Ibid.*)

On the same day that we decided *Moser*, we held in *McClellan* that imposition of a sex offender registration requirement on a defendant who pleaded guilty to assault with intent to rape did not violate the terms of a plea bargain, even though the trial court erroneously failed to advise the defendant of the requirement at the change of plea hearing. (*McClellan*, *supra*, 6 Cal.4th at pp. 378-381.) We said that "the trial court's *omission* . . . did not transform the court's error into a *term of the parties' plea agreement*" (*id.* at p. 379) because "the sex offender registration requirement . . . is, like the parole term in *Moser*, a statutorily mandated element of punishment for the underlying offense" (*id.* at p. 380, citing §§ 290, 290.1).

In *Moser* and *McClellan*, failure to make a statutorily mandated punishment an express term of a defendant's plea agreement did not render imposition of such punishment a violation of the plea agreement. With regard to statutorily mandated restitution fines, we have said that parties are free to negotiate the amount of those fines. (See *Soria*, *supra*, 48 Cal.4th at p. 65, fn. 6; *Crandell*, *supra*, 40 Cal.4th at p. 1309.) However, where the parties have not mentioned the amount of the fine during the plea negotiation, and where the trial court has not threatened or promised any particular amount of fine during the plea colloquy, the amount of the fine is not

8

part of the plea agreement, and the trial court is free to impose a fine within the statutory range. Absent an expressly negotiated term in the plea bargain concerning the fine, we see no basis to conclude that imposition of a fine within the statutory range constitutes more punishment than what the defendant bargained for.

We recently applied this rule in *Crandell*, *supra*, 40 Cal.4th 1301, where the trial court imposed a $2,600 restitution fine "that had not been mentioned by the prosecutor" when he recited the plea agreement. (*Id.* at p. 1304.) During the plea colloquy, the trial court "warned [the] defendant that he would 'have to pay a restitution fund fine of a minimum of $200, a maximum of $10,000,' " and the defendant said he understood. (*Id.* at p. 1305.) After further advisements, the trial court asked the defendant whether anyone had " 'made any other promises to you,' " and the defendant said no. (*Ibid.*) In determining the validity of the $2,600 fine, we explained that " 'the core question in every case . . . is whether the restitution fine was actually negotiated and made a part of the plea agreement, or whether it was left to the discretion of the court.' " (*Id.* at p. 1309.) We resolved this "core question" easily in *Crandell* because the express terms of the plea colloquy made clear that "the parties intended to leave the amount of defendant's restitution fine to the discretion of the court." (*Ibid.*; see also *People v. Dickerson* (2004) 122 Cal.App.4th 1374, 1378, 1385 [upholding $6,800 restitution fine where the defendant acknowledged the trial court's advisement that " 'I must impose a restitution fine of between $200 and $10,000' "].)

Defendant argues that this case is unlike *Crandell* because here the trial court warned defendant only that he would have to pay *restitution*, not that he would have to pay a *restitution fine* between $200 and $10,000. We agree with defendant that "restitution" and "restitution fines" are distinct, nonoverlapping penalties and that advisement of one does not entail advisement of the other. (See § 1202.4, subd. (a) [describing defendant's obligation to pay "restitution"]; § 1202.4, subd. (b)

9

[describing a "restitution fine" as a "separate and additional" penalty].) Our cases have emphasized, and we reaffirm, that in advising defendants of the consequences of a guilty plea, trial courts should always warn of the imposition of a restitution fine, with specific mention of the statutory minimum and maximum amounts. (See *Crandell*, *supra*, 40 Cal.4th at p. 1310; *Walker*, *supra*, 54 Cal.3d at p. 1030.)

However, a trial court's advisement error does not mean that imposition of a substantial fine violates a plea agreement. As explained above, advisement error and violation of a plea bargain are two different things. (See *ante*, at pp. 5-6; see also *Walker*, *supra*, 54 Cal.3d at pp. 1029-1030 [observing that "significant deviation from the negotiated terms of the plea bargain" involved more than "merely a failure to advise of the consequences of the plea"].) Were we to hold that the trial court's failure to properly advise defendant foreclosed imposition of a substantial restitution fine, we would contradict the principle that "the trial court's *omission* . . . [does] not transform the court's error into a *term of the parties' plea agreement*." (*McClellan*, *supra*, 6 Cal.4th at p. 379.)

In sum, failure to address the amount of a restitution fine in plea negotiations or during the plea colloquy does not transform imposition of such a fine into a violation of the plea agreement. Instead, where neither the parties nor the trial court have specified the fine amount in the context of a plea bargain, "[t]he restitution fine shall be set at the discretion of the court." (§ 1202.4, subd. (b)(1).) Because no specific amount of fine was expressly negotiated or otherwise made a part of the plea agreement here, it cannot be said that the $4,000 restitution fine and $4,000 parole revocation fine imposed more punishment than defendant bargained for.

## CONCLUSION

Today's decision clarifies the default rule when neither the parties nor the trial court mentions restitution fines in the context of a plea bargain. But there is a better way to address this issue. We gave the following guidance in *Walker*,

10

reiterated it in *Crandell*, and repeat it again today: " '[c]ourts and the parties should take care to consider restitution fines during the plea negotiations. The court should always admonish the defendant of the statutory minimum and maximum $10,000 restitution fine as one of the consequences of any guilty plea, and should give the section 1192.5 admonition whenever required by that statute.' (*Walker*, *supra*, 54 Cal.3d at p. 1030, italics omitted.) We again encourage trial courts either to require that defendants sign a written change of plea form specifying all significant elements of the plea or, when orally taking pleas, follow an informal 'script' that calls upon the parties to disclose all such for the record. ' "Where the court inadvertently omits to list or explain a significant factor, the prosecuting attorney should be alert to ensure that it is expressly brought to the defendant's attention." To this we add that whenever possible, any error in taking the plea should be brought to the attention of the court at sentencing so that it can be addressed expeditiously.' (*Ibid.*)." (*Crandell*, *supra*, 40 Cal.4th at p. 1310.)

The judgment of the Court of Appeal is affirmed.


LIU, J.

WE CONCUR:  CANTIL-SAKAUYE, C. J.
                BAXTER, J.
                WERDEGAR, J.
                CHIN, J.
                CORRIGAN, J.

**DISSENTING OPINION BY KENNARD, J.**


Here, a criminal defendant and the prosecution entered into a plea bargain. The trial court ordered the defendant to pay a $4,000 restitution fine and a $4,000 parole revocation fine, even though the plea agreement made no mention of these fines. I disagree with the majority's holding that these fines did not violate the plea bargain.

# I

Seventeen-year-old defendant Ramiro Villalobos was charged in Tulare Superior Court with attempted premeditated murder (Pen. Code, §§ 187, 664, subd. (a)),[1] second degree robbery (§ 211), and assault with a deadly weapon (§ 245, subd. (a)(1)). As to each offense, the prosecution alleged as sentence enhancements that defendant inflicted great bodily injury (former § 12022.7, subd. (a)), that he used a deadly weapon (former § 12022, subd. (b)(1)), and that he committed the crime to benefit a criminal street gang (§ 186.22, subd. (b)(1)(C)).

Defendant and the prosecution entered into a plea bargain. Defendant agreed to enter a plea of no contest to attempted murder without premeditation and second degree robbery, and to admit that he committed the attempted murder to benefit a criminal street gang. In reciting to the trial court the terms of the plea bargain, the prosecutor said that defendant might have to pay "restitution," that the crimes might

---

[1]    All statutory citations are to the Penal Code.

1

result in deportation from this country, and that the crimes were strikes under the "Three Strikes" law. In return, defendant would be sentenced to a maximum of 17 years in prison, and the remaining charge and enhancements would be dismissed.

The trial court told defendant that if he went to trial and lost, he would face a possible prison sentence of 15 years to life, as opposed to no more than 17 years under the plea bargain. The court said nothing about any fine.

At the sentencing hearing, the trial court imposed a prison term of 17 years, a $4,000 "restitution fine" (§ 1202.4), and a $4,000 "parole revocation fine" (§ 1202.45), which was to be suspended if defendant successfully completed parole.[2] The court ordered that the question of victim restitution "remain open pending any future counseling and/or medical expenses."

On appeal, defendant argued that the two $4,000 fines were not part of the plea bargain, and that therefore the trial court could have properly imposed only the statutorily mandated minimum of $200 for each of the two fines. The Court of Appeal rejected the claim. We granted defendant's petition for review.

**II**

"Because a 'negotiated plea agreement is a form of contract,' it is interpreted according to general contract principles. [Citation.] Acceptance of the agreement binds the court and the parties to the agreement." (*People v. Segura* (2008) 44 Cal.4th 921, 930.)

---

[2] Both the prosecutor (when describing the plea bargain) and the trial court (when describing the consequences of defendant's no contest pleas) said that defendant might have to pay "restitution." But "restitution" is not the same as a "restitution fine," which the trial court here ordered defendant to pay. "Restitution" is money paid to the victim or victims to compensate for losses attributable to a defendant's conduct (see § 1202.4, subd. (f)); a "restitution fine" is money paid to the state that is deposited into the Restitution Fund in the State Treasury (see § 1202.4, subd. (e)).

2

Here, when the prosecutor described defendant's plea bargain to the trial court at the time of defendant's no contest pleas, he made no reference to any fines. But, as indicated earlier, at sentencing the trial court imposed a $4,000 restitution fine and a $4,000 parole revocation fine. At issue is whether these fines violated the plea bargain.

Pertinent here is this court's decision in *People v. Walker* (1991) 54 Cal.3d 1013 (*Walker*). There, the plea agreement made no mention of a fine, yet the trial court imposed a restitution fine of $5,000. The defendant argued that the trial court violated the plea bargain by imposing the restitution fine. Imposition of that fine, this court held, "was a significant deviation from the negotiated terms of the plea bargain." (*Id.* at p. 1029.) Rather than allowing the defendant to withdraw his plea, we directed the Court of Appeal to reduce the fine to $100, which was at that time the statutorily mandated minimum unless there was a finding of " 'compelling and extraordinary' " circumstances. (*Id.* at p. 1019.)

Unlike the majority, I would apply to this case the holding of *Walker*, *supra*, 54 Cal.3d 1013. The *Walker* rule is simple and easy to apply. Under *Walker*, implicit in every plea bargain is the requirement that the trial court impose only those penalties that the parties state on the record when the trial court accepts the plea bargain and the defendant enters a negotiated plea of guilty or no contest. There is one exception: Because statutorily mandated penalties can never be the subject of a plea bargain, they need not be mentioned in the bargain. Except for statutorily mandated penalties, a penalty that is not in the plea agreement may not be imposed by the trial court.

Here, the plea bargain, as described on the record of the trial proceedings, made no mention of a fine. Consequently, the parties implicitly agreed that the only fines the trial court could properly impose were a statutorily mandated *$200* restitution fine and a statutorily mandated *$200* parole revocation fine. The trial

3

court agreed to these terms when it accepted the plea. Thus, under *Walker*, *supra*, 54 Cal.3d 1013, the court's imposition of a *$4,000* restitution fine and a *$4,000* parole revocation fine violated the plea bargain, which made no reference to such fines.

The majority, however, refuses to apply *Walker*. It does so by overruling *Walker*. According to the majority, *Walker* cannot be reconciled with three later decisions of this court: The two companion cases of *In re Moser* (1993) 6 Cal.4th 342 (*Moser*) and *People v. McClellan* (1993) 6 Cal.4th 367 (*McClellan*), and this court's more recent decision in *People v. Crandell* (2007) 40 Cal.4th 1301 (*Crandell*). I do not share the majority's view that those three cases and this court's earlier decision in *Walker* are inconsistent, as explained below.

In *Moser*, the petitioner entered a negotiated plea of guilty to second degree murder. The parties did not mention the subject of parole when they described the plea bargain, but when the trial court accepted the plea, it erroneously told the petitioner that his maximum period of parole would be 48 months, when the applicable statute actually mandated lifetime parole. This court held in *Moser* that "if . . . the subject of parole was not encompassed by the parties' plea negotiations, imposition of the statutorily mandated term of parole would not constitute a violation of the parties' plea agreement . . ." (*Moser*, *supra*, 6 Cal.4th at p. 357), and ordered the matter remanded to the trial court to determine whether the length of parole had been discussed in the plea negotiations (*id.* at p. 358). In the companion case of *McClellan*, the defendant entered a negotiated plea of guilty to assault with intent to rape, a crime requiring lifetime registration as a sex offender, a consequence of the plea that the trial court failed to mention to the defendant. This court held that because the registration requirement was statutorily mandated, it was "not a permissible subject of plea agreement negotiation" (*McClellan*, *supra*, 6 Cal.4th at p. 380) and its imposition did not violate the plea bargain (*id.* at p. 381).

4

*Moser*, *supra*, 6 Cal.4th 342, and *McClellan*, *supra*, 6 Cal.4th 367, are not inconsistent with this court's 1991 decision in *Walker*, *supra*, 54 Cal.3d 1013. *Moser* deals with a trial court's misadvisement to the defendant of a *statutorily mandated* penalty, where it is not clear from the record whether the penalty in question was the subject of plea negotiations. *McClellan* simply holds that because *statutorily mandated* penalties can never be part of a plea bargain, the trial court can at sentencing impose such penalties even if they were not mentioned in the plea bargain. In *Walker*, by contrast, the trial court imposed a $5,000 restitution fine that was not part of the plea bargain, only $100 of which was statutorily mandated. Thus, *Walker*'s holding that only the statutorily mandated fine could be imposed is consistent with *Moser* and *McClellan*.

Nor is there any inconsistency between *Walker*, *supra*, 54 Cal.3d 1013, and this court's later decision in *Crandell*, in which the defendant entered a negotiated plea of no contest to a robbery charge. The plea bargain made no mention of any fine. But, before accepting the defendant's plea, the trial court warned the defendant that he would have to pay a restitution fine of between $200 (the statutory minimum) and $10,000 (the statutory maximum). The trial court later imposed a restitution fine of $2,600. This court held that, because the trial court had expressly told the defendant that at sentencing it might impose a fine of up to $10,000, the imposition of a $2,600 fine did not violate the plea bargain. (*Crandell*, *supra*, 40 Cal.4th at p. 1310.) By contrast, the trial court in *Walker*, *supra*, 54 Cal.3d 1013, did not, before accepting the plea bargain, advise the defendant that at sentencing the court might impose a restitution fine. Thus, no inconsistency appears between the two decisions.

For the reasons given above, I would not overrule this court's 1991 decision in *Walker*, 54 Cal.3d 1013. Applying *Walker* to this case, I conclude that the trial court here violated the plea bargain by imposing the $4,000 restitution fine and the

5

$4,000 parole revocation fine, neither of which was encompassed in the plea agreement.  I would therefore reverse the Court of Appeal, which affirmed the trial court's judgment.

KENNARD, J.

6

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Villalobos

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 177 Cal.App.4th 82
**Rehearing Granted**

_____

**Opinion No.** S176574
**Date Filed:** June 4, 2012

_____

**Court:** Superior
**County:** Tulare
**Judge:** Kathryn T. Montejano

_____

**Counsel:**

Grace Lidia Suarez, under appointment by the Supreme Court, for Defendant and Appellant.

Edmund G. Brown, Jr., and Kamala D. Harris, Attorneys General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Charles A. French, David A. Rhodes, Brook A. Bennigson and Galen N. Farris, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Grace Lidia Suarez
508 Liberty Street
San Francisco, CA  94114
(888) 825-8748

Galen N. Farris
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA  94244-2550
(916) 445-4922