Filed 10/28/13  P. v. Goodman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C073068 |
| Plaintiff and Respondent, | (Super. Ct. No. SF11388) |
| v. | |
| KIRK IVEN GOODMAN, | |
| Defendant and Appellant. | |

Defendant Kirk Iven Goodman pled no contest to continuous sexual abuse of a child under age 14, four counts of lewd acts with a child under age 14, and contributing to the delinquency of a minor.  In exchange, 31 related counts were dismissed. Defendant was sentenced to prison for 24 years and to jail on one count for time already served.  He was ordered to pay, among other things, a $1,320 restitution fine, a $1,320 restitution fine suspended unless parole is revoked, and a $2,000 restitution payment to the Victim Compensation and Government Claims Board.  Defendant obtained a certificate of probable cause.

1

On appeal, defendant contends the restitution fines and victim restitution (payable to the Victim Compensation and Government Claims Board) must be reduced to $240 each, the amount specified in the plea agreement. We agree the fines must be reduced and modify the judgment accordingly.

## FACTS

The facts of defendant's offenses are not at issue and need not be set forth in this opinion.

## DISCUSSION

### I

#### *Restitution*

Defendant contends the restitution fines and victim restitution (payable to the Victim Compensation and Government Claims Board) must be reduced to $240 each, the amount specified in the plea agreement. We conclude that, following entry of the plea, defendant agreed to a greater victim restitution payment but did not agree to greater restitution fines. Thus, only the restitution fines must be modified.

### A

#### *Restitution Fines*

On October 18, 2012, defendant completed a seven page "Plea Form, with Explanations and Waiver of Rights - Felony." Under "Restitution, Statutory Fees, and Assessments," the plea form stated that the court would order defendant to pay, among other things, "$240 to the Victim Restitution Fund (between $200 and $10,000)" and "$240 restitution to the State of California, Victims of Crime Fund." The form indicated that defendant would be ordered to pay victim restitution and "court security fees" in amounts to be determined ("TBD").

At the change-of-plea hearing on October 19, 2012, the trial court reviewed with defendant the terms of the plea agreement as indicated by the plea form. Defendant stated he had reviewed the entire plea form with his attorney and understood everything

2

that was on the form. After accepting defendant's pleas, the trial court referred the matter to the probation department for preparation of a presentence report.

On December 7, 2012, the probation department filed a report recommending that defendant pay, among other things, a $28,800 restitution fine and a $28,800 restitution fine suspended unless parole is revoked. The amount appears to have been computed by multiplying the statutory minimum fine ($240) by the number of felony counts (five) and the number of years of imprisonment (24), as suggested in Penal Code[1] section 1202.4, subdivision (b)(2).[2] The recommendation overlooked both the $10,000 maximum stated in section 1202.4, subdivision (b)(1), and the $240 fine specified in the plea form.

Four days later, defendant filed a statement in mitigation that responded to the probation department's recommendation. Recognizing that the restitution fine had been calculated pursuant to the formula, defendant submitted that he has an "inability to pay" and requested "that the Court not aggravate the amount but impose the statutory minimum of $1,320 ($240 x 5 + $120 [for the misdemeanor conviction])." Curiously, the statement in mitigation failed to recognize that the "statutory minimum" for the felonies was $240, not $1,200, because the minimum need not be multiplied by the number of counts. Like the probation report, the statement in mitigation failed to recognize that the amount of the restitution fine had been specified in the plea agreement.

The trial court ordered restitution fines in the amount requested in the statement in mitigation.

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

[2] Section 1202.4, subdivision (b)(2) provides: "In setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine pursuant to paragraph (1) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted."

"[S]ection 1202.4, subdivisions (a) and (f) require every person convicted of a crime to pay restitution directly to the victim in an amount equal to the economic loss suffered by the victim as a result of the defendant's conduct. . . . Separate and apart from restitution, section 1202.4, subdivision (b) requires every person convicted of a crime to pay a restitution fine: 'In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record.' A restitution fine is not paid by the defendant directly to the victim. Instead, it 'shall be deposited in the Restitution Fund in the State Treasury' [citation], from which crime victims may obtain compensation through an application process [citation].

"If a person is convicted of a felony, as defendant was here, under the [2012] version of the statute '[t]he restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred forty dollars ($240) . . . and not more than ten thousand dollars ($10,000) . . . .' [Citation.]

"In addition, section 1202.45 requires every person who 'is convicted of a crime and whose sentence includes a period of parole' to pay 'an additional parole revocation restitution fine in the same amount as' the restitution fine under section 1202.4, subdivision (b). [Citation.] The parole revocation fine is also paid into the state Restitution Fund, and the fine 'shall be suspended unless the person's parole is revoked.' [Citation.]" (*People v. Villalobos* (2012) 54 Cal.4th 177, 180-181.)

*Villalobos* noted that " 'defendants are free to negotiate the amount of restitution fines as part of their plea bargains.' [Citations.] The parties to a criminal proceeding may choose to agree on a specific amount between the statutory minimum and maximum, or they may leave it up to the sentencing court's discretion. [Citation.]" (*People v. Villalobos, supra,* 54 Cal.4th at p. 181.) Constitutional due process requires that " 'both parties, including the state, must abide by the terms of [a plea] agreement' and '[t]he

4

punishment may not significantly exceed that which the parties agreed upon.' [Citation.]" (*Id*. at p. 182.) A restitution fine qualifies as punishment for this purpose. (*Ibid*.)

According to the plea form, the agreed-upon restitution fine was $240, the then-existing statutory minimum. On appeal, the People claim this amount "was intended to be applied to each felony count" to which defendant pled no contest. They argue "the intent of the parties" may be divined from defense counsel's statement in mitigation, prepared months after the plea, which mistakenly asserted that the "statutory minimum" for the felonies was $240 times five counts.

But no evidence suggests that defense counsel had held this mistaken view when she signed the plea form. Rather, the idea of using the multiplication formula appears to have originated with the probation report's recommendation of a statutorily unauthorized $28,800 restitution fine. The fact that defense counsel's response to the probation report focused upon the years multiplier, rather than the counts multiplier, does not mean that she or defendant had *intended* a $1,320 restitution fine at the time they negotiated the plea. Indeed, had that been the intent, it would have been a simple matter to state in the plea form that the negotiated restitution fine is $1,320.

In any event, no evidence suggests that the prosecutor ever shared defense counsel's mistaken belief as to the statutory minimum restitution fines. For this reason alone, defense counsel's argument in her statement in mitigation did not represent "the intent of [both] parties."

The People nevertheless contend that, ultimately, defendant "expressly agreed to the fines and restitution in the amounts imposed by the court." We disagree.

"Once [the trial court] accepted [defendant's] plea, the terms of the contract became fixed [citation], and subsequent interpretations of that contract must be based on an objective standard in which [defendant's] 'reasonable beliefs' control. [Citations.]" (*People v. Toscano* (2004) 124 Cal.App.4th 340, 345.) Even if defense counsel's

statement in mitigation contained her interpretation of the plea contract, there is no evidence that her interpretation was consistent with defendant's reasonable beliefs. Defendant could not *reasonably* have believed the plea contract called for restitution fines in excess of $240.

Alternatively, nothing in the statement in mitigation suggests that defendant was offering to *modify the terms of his plea contract* in exchange for the court's rejection of the recommended years multiplier. Rather, the statement in mitigation appears simply to reflect defense counsel's incorrect understanding of the restitution law.

The People commendably do not claim that defendant forfeited his claim of violation of the plea agreement when his counsel failed to object to (and, in fact, proposed) the excessive restitution fines in the statement in mitigation. In any event, there could not have been a rational tactical purpose for failing to insist that the plea agreement be enforced according to its terms. We shall modify the judgment to impose a $240 restitution fine and a $240 restitution fine suspended unless parole is revoked.

B

*Victim Restitution*

The plea form stated that the court would order defendant to pay, among other things, "$240 restitution to the State of California, Victims of Crime Fund." Restitution "to actual victim(s)" was "TBD" (to be determined).

Defendant's statement in mitigation stated: "Counsel received from the People documents reflecting $2,000 had been paid for relocation services. . . . If this direct victim restitution is requested it should be imposed first and [defendant] is prepared to stipulate to this amount." Attached to the statement was a form indicating a "Relocation" benefit in the amount of $2,000 had been paid.

At sentencing, the trial court ordered defendant to pay "a 2,000 dollar restitution payment to the -- direct to the Victims [*sic*] Compensation [and] Government [Claims] Board. And restitution will be reserved to allow for any future appropriate restitution

6

items to be claimed." Defendant's counsel replied, "Your Honor, for the record, [defendant] waives his right to a hearing on the requested 2,000 dollars."

The trial court's minute order reflects the $2,000 payment to the Victim Compensation and Government Claims Board. It does not reflect a separate $240 payment to the "State of California, Victims of Crime Fund" identified in the plea agreement.

On appeal defendant contends the plea agreement's specification of $240 payment to the "State of California, Victims of Crime Fund" precluded the court from ordering the $2,000 restitution payment. We disagree.

As we have seen, defendant's statement in mitigation expressly acknowledged that sum had been paid for relocation services on behalf of the victim. The statement further acknowledged that, "If this direct victim restitution is requested it should be imposed first and [defendant] is prepared to stipulate to this amount." By describing the sum as "direct victim restitution," defendant effectively conceded that the sum was within the plea agreement's provision for "restitution to actual victim(s)," which, at the time of the plea, had yet to be determined ("TBD"). Contrary to defendant's argument, the court's order that "restitution will be reserved to allow for any future appropriate restitution items to be claimed" does not mean the $2,000 payment was something other than an item of direct victim restitution. There was no error.

II

*Abstract Of Judgment*

We note a minor error in the abstract of judgment. Because defendant has been convicted of violent felonies (§ 667.5, subd. (c)(6), (c)(16)), his presentence conduct credit is calculated pursuant to section 2933.1, subdivision (a), not section 4019. The amended abstract of judgment should so indicate.

7

DISPOSITION

The judgment is modified to impose a $240 restitution fine and a $240 restitution fine suspended unless parole is revoked.  As so modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment reflecting these fines and indicating that defendant's presentence conduct credit is calculated pursuant to section 2933.1.  The clerk is further directed to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


    ROBIE    , J.


We concur:


    RAYE    , P. J.


    MURRAY    , J.