Filed 2/23/15  P. v. Ward CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C075241 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR86694) |
| v. | |
| CHARLES LAVERNE WARD, JR., | |
| Defendant and Appellant. | |

Defendant Charles Laverne Ward, Jr., appeals the judgment of the trial court sentencing him, pursuant to a plea agreement, to a term of five years four months in state prison.  Defendant contends, and the Attorney General agrees, that because the trial court did not consider an alternate agreed-upon sentencing option of five years of probation, defendant's due process rights were violated.  We concur and remand the cause to the trial court for resentencing according to the terms of the plea agreement.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with torture (Pen. Code, § 206—count I);[1] first degree robbery (§§ 211 & 213, subd. (a)(1)(A)—count II); false imprisonment by violence (§ 236—count III); unlawful possession of a firearm by a felon (§ 29800, subd. (a)(1)—count IV); assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)—count V); and grand theft of a firearm (§ 487, subd. (d)(2)—counts VI & VII). As to count V, it was also alleged that defendant had personally inflicted great bodily injury on the victim. (§ 12022.7, subd. (a).)

Defendant pleaded no contest to assault by means of force likely to produce great bodily injury (count V) and to both counts of grand theft (counts VI & VII).[2] The plea agreement reflected that defendant would be sentenced to a state prison term of five years four months—four years for assault and eight months each for the grand thefts—or to five years of probation, that the prosecutor made no promises regarding the disposition, and that all other counts would be dismissed. Defendant also acknowledged that he would not be granted probation unless the trial court found his to be an unusual case.[3] The prosecutor agreed to the plea agreement, and the trial court accepted the agreement. Defendant was referred to probation for an "abbreviated" report and recommendation "in light of the stipulated agreement."

The parties agreed a factual basis for the pleas was contained in the police report, and the court accepted that as a factual basis for the pleas. The police report, as

---

[1] Undesignated statutory references are to the Penal Code.

[2] Defendant also stipulated that there were no section 654 issues as to these counts, and that counts VI and VII are both strike offenses.

[3] The plea agreement form also contains an entry that defendant acknowledges he is not eligible for probation, but the box next to this entry, while circled, was not initialed by defendant and neither party contends defendant was actually ineligible for probation.

summarized in the probation report provided to the court, reads as follows: "[O]n August 2, 2012, about two-thirty in the morning, the seventy-one year old victim went to his kitchen for a drink of water. He was suddenly grabbed from behind and what he believed to be a knife was pressed against his throat. The assailant said, 'Don't move or I will cut you right here.' A second intruder stepped out of the laundry room, and the men shouted, 'Where are the guns?', and 'Where is the money?' The victim was taken to the dining-room, forced to the floor, and trussed with a cord. A lamp-shade was placed over his head so he could not see, and chairs were piled on to immobilise [*sic*] him. He was hand-cuffed with a set the intruders found in a closet. The men ransacked the place and carried out items to a third man in the back yard. This went on for nearly two hours.

"The victim was eventually able to get out from under the chairs but could not call the police because his telephone service went through his stolen computer. Still bound and hand-cuffed, he made his way to a neighbor's house. When officers arrived, they found the victim with dried blood on his face, and his nose, eye, and wrists swollen. He had lacerations on his elbow and wrist. He was taken to hospital by ambulance.

"Amongst the property stolen were a 12-bore shotgun, a Colt Python .357 [M]agnum revolver, a .38 calibre [*sic*] revolver, and .22 calibre [*sic*] mini-gun, tools, cameras, a computer, smart phone, metal detector, and cash."

At sentencing, the trial court stated it had read the probation report and the plea agreement. Defense counsel described the plea as "stipulated" and the prosecutor asked the court "to impose the stipulated sentence." The trial court stated, "There was a stipulated agreement. The defendant would be getting five years four months in state prison. The defendant will be sentenced on the [section] 245[, subdivision] (a)(4), which I believe is count [V], to four years in state prison. Count [VI], the [section] 487[, subdivision] (d)(2), there was a [section] 654 waiver, that will be eight months consecutive. The same thing with count [VII], [section] 487[, subdivision] [(d)(2)], eight

3

months consecutive for a total of five years and four months. That is not a [section] 1170[, subdivision] (h) sentence local, that is in state prison." Defendant did not object to the prosecutor or court's characterization of the plea agreement, and did not object to the court's imposition of the prison term.

Defendant appeals with a certificate of probable cause.

## DISCUSSION

### I. Violation of Plea Agreement

Defendant contends his right to due process was violated by the prosecutor, who violated the plea agreement by informing the trial court there was a stipulated sentence without informing the court it could impose probation instead, and by the trial court in not considering probation in lieu of a prison sentence as required by the plea agreement. The Attorney General agrees that the court's failure to consider probation based on its mistaken belief that the parties stipulated to a prison sentence was a breach of defendant's plea agreement. We agree defendant's plea agreement and due process rights were violated. Therefore, we reverse defendant's sentence and remand the matter for a new sentencing hearing according to the terms of the plea agreement.

When a plea bargain is not implemented according to its terms, due process principles are implicated. (*People v. Villalobos* (2012) 54 Cal.4th 177, 182; accord, *People v. Mancheno* (1982) 32 Cal.3d 855, 860.) A due process claim based on a failure to implement a plea bargain may be forfeited where the trial court provides the section 1192.5 admonition[4] and imposes punishment in excess of the plea agreement if defendant

---

[4] Section 1192.5 requires a trial court, upon approval of a plea, to advise the defendant that its approval is not binding and that the defendant may withdraw his plea if the sentencing court does not accept the plea, and to determine whether the defendant entered the plea freely and voluntarily and whether there is a factual basis for the plea.

does not withdraw his plea at sentencing. (*People v. Villalobos*, *supra*, at p. 182.) However, where the lay defendant may not be aware the terms of the agreement have been breached, his failure to object or withdraw his plea does not constitute a forfeiture of his due process claim. (See *People v. Newton* (1974) 42 Cal.App.3d 292, 298.) Here, the written plea agreement provided that one of the possible sentencing options was a term of five years four months in state prison. However, it also provided for five years of formal probation and between 180 and 365 days in jail. At the time the court took defendant's pleas, it was also taking pleas from two codefendants. And, while the court clearly had the plea agreement before it, the agreement was characterized as a "stipulated agreement" of five years four months in prison and no one present corrected the court or pointed out that defendant's agreement included probation as an alternative. A lay defendant may not realize the trial court failed to comply with the plea agreement in imposing the prison sentence. Therefore, we conclude defendant did not forfeit his claim.

"[W]here a district attorney has, on the record, accepted a plea bargain and it has been approved by the court, both the prosecution and the defendant are entitled to the benefits for which they have bargained." (*People v. Rutledge* (1982) 140 Cal.App.3d 955, 962.) "Specific enforcement [of a plea bargain] is appropriate when it will implement the reasonable expectations of the parties without binding the trial judge to a disposition that he or she considers unsuitable under all the circumstances." (*People v. Mancheno*, *supra*, 32 Cal.3d at p. 861; see also *People v. Kaanehe* (1977) 19 Cal.3d 1, 14.) And, it is a particularly appropriate remedy where the plea bargain was breached inadvertently. (*People v. Kaanehe*, *supra*, at p. 14; *People v. Newton, supra*, 42 Cal.App.3d at p. 298.)

Here, the plea bargain afforded the trial court discretion to either impose a five-year term of probation or to impose a prison sentence of five years four months. Defendant, who has two prior felony convictions—felony possession of stolen property

in 1996 and felony possession of a controlled substance in 1998—is eligible for probation if the trial court finds this to be an "unusual case[] where the interests of justice would best be served if the person is granted probation." (§ 1203, subd. (e).) However, it does not appear the trial court considered probation to be a possibility in this case. Instead, the court indicated there was a stipulated prison sentence, the prosecutor urged the court to impose that sentence, and neither defendant nor his counsel objected or informed the court that it had discretion to order probation instead. Indeed, there is no mention of probation at all during the sentencing hearing, and it is not referred to in the "abbreviated" probation report provided to the court.

Therefore, it was a breach of the plea agreement for the trial court not to consider the possibility of a probation term rather than a prison sentence. Accordingly, we vacate the sentence imposed by the trial court and remand the matter for resentencing consistent with the terms of the plea agreement.

## II.  Unlawful Sentence

Citing *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403] and *Cunningham v. California* (2007) 549 U.S. 270 [166 L.Ed.2d 856], defendant also contends the trial court violated his Sixth Amendment right to a jury trial by sentencing him to the upper term on count V without a finding of aggravating facts by a jury. Even though this issue is moot in light of our conclusion that the trial court erred in failing to consider probation as a sentencing option for defendant, we address the instant issue because it is likely to recur on remand. (See *People v. Travis* (2006) 139 Cal.App.4th 1271, 1280-1281.) By accepting, as defendant did, a specified sentence as opposed to a sentence within an agreed-upon maximum term, defendant forfeits the contention that the court exceeds its jurisdiction in imposing that specified sentence. (See *People v. Hester* (2000) 22 Cal.4th 290, 295 ["Where the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in

excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction.  The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process"].)  Thus, even though defendant did not admit any aggravating facts and no jury found them, the trial court is permitted to impose the agreed-upon upper term for count V.

## DISPOSITION

The convictions are affirmed, the sentence is reversed, and the cause is remanded for resentencing pursuant to the terms of the plea agreement.


                                                    BUTZ            , J.



We concur:



        RAYE            , P. J.



        BLEASE          , J.



7