Filed 2/26/16  P. v. High CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C077943 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR91194) |
| v. | |
| BRANDON JAMES HIGH, | |
| Defendant and Appellant. | |

Defendant Brandon James High entered a negotiated plea of no contest to rape where the victim was prevented from resisting by an intoxicating or anesthetic substance or a controlled substance (Pen. Code, § 261, subd. (a)(3); unless otherwise set forth, section references that follow are to the Penal Code; count I) in exchange for the dismissal of count II (sexual penetration with a foreign object where the victim is prevented from resisting by an intoxicating or anesthetic substance or a controlled substance; § 289, subd. (e)).  The prosecutor also agreed to forgo arguing for a midterm

1

or upper term sentence and to return defendant's cell phone which had been seized pursuant to a search warrant.

The trial court denied probation and sentenced defendant to state prison for the upper term of eight years.

Defendant appeals. He contends the prosecutor violated the terms of the plea agreement by seeking the upper term and failing to return his cell phone. We conclude that defendant's contentions have been forfeited. In any event, we reject defendant's contentions on the merits.

FACTS AND PROCEEDINGS

After giving the victim a pill that caused her to lose consciousness, defendant penetrated his victim vaginally with his finger and his penis while video recording his sexual assault. The next day, defendant's girlfriend found the video and called the police to report the assault of the victim.

DISCUSSION

Defendant contends reversal of his sentence and remand for resentencing before another judge is required because the prosecutor violated the terms of the agreement by arguing for an upper term sentence. He also contends the prosecutor violated the agreement by failing to return his cell phone. Having failed to object below, defendant's claims are forfeited. Even if not forfeited, defendant has failed to demonstrate that he was denied the benefits of his plea bargain.

At the entry of plea hearing, defense counsel represented that defendant would enter a guilty plea to count I in exchange for dismissal of count II. Defense counsel also stated that the prosecutor was willing to enter a "stipulation" not to argue for the midterm or upper term and that "defendant has been advised he is not bound by that agreement, that is merely a position the DA is willing to take to effect the plea." Defense counsel

2

also stated that there was a "stipulation" that the prosecutor would return defendant's cell phone "at the conclusion of the case."

The prosecutor clarified that there was not any agreement as to sentence and that defendant was entering an "open" plea. The prosecutor stated that he would not be "arguing for any particular sentence; rather, we will request that the Court sentence as is appropriate considering the facts of the case and the defendant's record and the recommendation of Probation." With respect to the cell phone, the prosecutor agreed that "once we have finished all that we need to do with the phone that we will release it," noting that the phone was with a diagnostic group, which was working on a report. The court asked whether it would be fair to order the return of the phone "within the next week," and the prosecutor responded, "I would think that would be appropriate." The court did not expressly enter an order to that effect.

At a hearing a week later, the court decided that it had exceeded its authority in impliedly ordering the return of the cell phone, noting that the phone had been seized pursuant to a search warrant and that there was a statutory procedure for the return of property which had been seized pursuant to a warrant. The court set aside its prior decision to order the return of the phone. The court assumed that defendant would receive his phone when the prosecutor was done with it or at least within 60 days after sentencing. The prosecutor stated that he would talk to defense counsel about the cell phone. When the court asked whether defendant's attorney wanted to be heard concerning the court's decision regarding the cell phone, defendant's attorney said he did not.

At sentencing, defense counsel argued that defendant's relationship with the victim should be viewed as a mitigating factor because she knew defendant and had asked him for illegal drugs. The prosecutor responded there were no mitigating factors and that the relationship between defendant and the victim should be considered an aggravating factor (defendant took advantage of a position of trust) as should his prior

record, which was "very poor." The prosecutor stated that the court should impose the upper term. Defense counsel immediately requested to approach the bench. After an off-the-record bench conference, the prosecutor apologized for requesting the upper term, explaining he "forgot there was a stipulation" not to request a "specific term," and withdrew his request for a particular sentence. The victim thereafter made a statement and requested the upper term sentence, noting that she had trusted defendant, considered him to be a friend, and that "if he can do this to a friend, what can he do to a stranger."

In imposing the upper term, the court cited as aggravating factors defendant's criminal history (has engaged in violent conduct, prior convictions were numerous, prior performance on probation unsatisfactory) and his relationship with the victim (position of trust). The court did not find any mitigating factors. Defendant's cell phone was not mentioned at sentencing.

"When a guilty plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement. The punishment may not significantly exceed that which the parties agreed upon." (*People v. Walker* (1991) 54 Cal.3d 1013, 1024 (*Walker*), overruled on other grounds in *People v. Villalobos* (2012) 54 Cal.4th 177, 183.) "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." (*Santobello v. New York* (1971) 404 U.S. 257, 262 [30 L.Ed.2d 427, 433].) But the deviation must be " 'significant' in the context of the plea bargain as a whole to violate the defendant's rights." (*Walker,* at p. 1024.) While a violation of the plea agreement implicates a defendant's due process right and is not subject to harmless error analysis, defense counsel is required to object unless the punishment imposed is greater than that agreed upon and the standard admonitions about withdrawal of the plea have not been given. (*Id.* at pp. 1024-1026; § 1192.5.)

4

At the time the plea was entered, the prosecutor agreed not to request the mid or upper term but did not agree that he could not argue the facts of the offense, defendant's record and the probation recommendation. At sentencing, the prosecutor argued the victim's relationship with defendant (violation of a position of trust) and defendant's prior record (very poor) were aggravating factors and that there were not any mitigating factors. He concluded by asking for the upper term.

Defense counsel did not object on the record to the prosecutor's request for the upper term; rather, defense counsel requested to approach the bench and after a bench conference, the prosecutor withdrew his argument for the upper term, explaining he had forgotten about the stipulation not to request a particular sentence. There was no further objection from the defendant or his attorney. Thus, the issue is forfeited.

Even so, we note on this point that defendant was not deprived of any significant benefit of his plea bargain. He entered an open plea to count I with the understanding that he could receive the maximum sentence of eight years in prison and with the further understanding that count II would be dismissed. That is what occurred and defendant received the benefit of his plea bargain.

Regarding defendant's second contention, the prosecutor agreed to return defendant's cell phone on some unspecified date upon completion of diagnostic testing. At sentencing, defense counsel did not claim that defendant's cell phone had not been returned. Again, his claim is forfeited. And again, defendant has failed to demonstrate that he has been deprived of a benefit of his bargain since this record does not show that defendant's cell phone has not been returned to him or, given the fact that he is incarcerated, to his personal representative.

DISPOSITION

The judgment is affirmed.


      HULL      , Acting P. J.


We concur:


      MURRAY      , J.


      DUARTE      , J.