Filed 8/5/16  P. v. Ochoa CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E065650 |
| v. | (Super.Ct.No. RIF1210193) |
| AUSTREBERTO CASTILLO OCHOA, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Austreberto Castillo Ochoa, pled guilty to six counts of lewd and lascivious acts by force against four victims under the age of 14 years (counts 1,

1

4-7, & 9; Pen. Code, § 288, subd. (b)(1))[1] and two counts of a lewd and lascivious act upon a child under the age of 14 (counts 10-11; § 288, subd. (a)). Pursuant to his plea agreement, the court sentenced defendant to an aggregate term of incarceration of 62 years and ordered that he pay a $1,000 restitution fine.

After defendant filed a notice of appeal, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and identifying one potentially arguable issue: whether the court erred in denying defendant's motion for reduction of the court-ordered restitution fine. We affirm.

## I. PROCEDURAL HISTORY

On February 14, 2013, the People charged defendant by felony information with five counts of lewd and lascivious acts by force against four victims under the age of 14 years (counts 1, 5-7, & 9; § 288, subd. (b)(1)), four counts of sexual penetration against two of the victims who were under the age of 10 years (counts 2-4 & 8; § 288.7, subd. (b)), and two counts of lewd and lascivious acts against a child under the age of 14 (counts 10-11; § 288, subd. (a)). The People additionally alleged defendant had engaged in sexual offenses against multiple victims. (§ 667.61, subd. (c).)

On April 29, 2013, defendant pled guilty, as described above, pursuant to a plea agreement. In return, the remaining counts and allegation were dismissed. As part of his plea agreement, defendant initialed a provision which reflected: "I will be ordered to pay

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

a restitution fine of at least $200 and not more than $10,000." After sentencing, the court ordered that defendant pay a restitution fine pursuant to former section 1202.4, subdivision (b) in the amount of $1,000.

On March 1, 2016, defendant filed a motion for modification of sentence requesting that the restitution fine be reduced to $200 because the court failed to consider his ability to pay the fine it ordered. The same day, the court denied defendant's motion.

## II. DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues. (*People v. Villalobos* (2012) 54 Cal.4th 177, 181-182 [failure to object to restitution fine at or before sentencing forfeits contention on appeal]; *id.* at pp. 183-185 [where specific restitution fine not mentioned in plea agreement, restitution fine shall be set at the discretion of the court].)

## III. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                    J.

We concur:

RAMIREZ
                P. J.
MILLER
                J.

3