Filed 9/7/16  P. v. Johnson CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIE MERVIN JOHNSON,<br><br>    Defendant and Appellant. | 2d Crim. No. B268763<br>(Super. Ct. No. SA066369)<br>(Los Angeles County) |

Willie Mervin Johnson appeals the denial of his postjudgment motion to reduce a $10,000 restitution fine imposed after appellant was convicted by jury of second degree murder of his girlfriend (Pen. Code, §§ 187/189)[1] and personal use of a firearm (§ 12022.53, subd. (b)).  On October 27, 2009, the trial court sentenced appellant to 15 years to life, plus 10 years on the firearm enhancement.  Appellant was ordered to pay a $10,000 restitution fine (§ 1202.4, subd. (b)) and a $10,000 parole restitution fine that was stayed (§ 1202.45).

We affirmed the conviction in an unpublished opinion on March 29, 2011. (B220820.)

On October 21, 2015, appellant filed a Motion For Restitution Hearing For Reconsideration of Ability to Pay and Constitutionality of Excessive Fines.  The motion was denied October 21, 2015.

---

[1]    All statutory references are to the Penal Code unless otherwise stated.

We appointed counsel to represent appellant in this appeal. After counsel's examination of the record, he filed an opening brief in which no issues were raised. On April 28, 2016, we advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider.

On August 29, 2016, appellant submitted a brief arguing that the trial court failed to conduct an "ability to pay" hearing before imposing the restitution fine. (§1202.4, subd. (d).) Appellant contends that the prospect of future employment is limited and that it is unlikely that appellant will have the financial means to pay down the restitution fine. The record reflects that appellant was represented by counsel, did not object to the fine, or request that the trial court determine appellant's ability to pay when the fine was imposed in 2009. (*People v. Villalobos* (2012) 54 Cal.4th 177, 182 [failure to object to restitution fine at or before sentencing forfeits contention on appeal]; *People v. Gamache* (2010) 48 Cal.4th 347, 409 [same]; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205-1206 [trial court lacked jurisdiction to entertain motion for reduction of restitution fine brought more than 120 days after sentencing].)

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 125-126.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:


PERREN, J.


TANGEMAN, J.

Mark E. Windham, Judge

Superior Court County of Los Angeles

_____

Brett Harding Duxbury, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.