Filed 4/28/15  P. v. Thornton CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065827, D065991 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE334918) |
| WILLIAM CECIL THORNTON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Herbert J. Exarhos, Judge.  Affirmed.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

This case arises from a guilty plea and admission of alleged prior convictions by appellant, William Cecil Thornton, without agreement from the prosecutor after the court

had given an indicated sentence.  As part of the process of discussing Thornton's plea, the court also obtained a "*Cruz* waiver,"[1] that is an agreement by Thornton that if he failed to appear at sentencing, or was arrested for a new offense before the scheduled sentencing, the court's "deal" would be off and the court could sentence as it wished.  As the facts developed, Thornton was arrested for a new offense prior to the sentencing hearing and the court imposed a sentence greater than the indicated sentence.  Thornton, acting in propria persona, did not object to the sentence or the impact of the *Cruz* waiver, and did not seek to withdraw his plea based on any of the court's postplea actions.  Now, for the first time on appeal, Thornton contends the court erred in not advising him of his right to withdraw his plea under Penal Code[2] section 1192.5 and that the court erred in imposing a restitution fine of $1,000.

We will find that Thornton has forfeited both contentions by failure to raise either one in the trial court.  However, we do observe there are troubling aspects to this case.  First, although Thornton was properly allowed to represent himself, he was plainly incompetent to deal with the issues presented here.  Thornton unleashed a veritable blizzard of motions and filings in this case, which was resolved before the preliminary hearing.  Yet, none of the motions is raised here and he did nothing in the trial court to

[1]     A *Cruz* waiver is a waiver of the rule announced in *People v. Cruz* (1988) 44 Cal.3d 1247, which said a court could not reject a plea agreement and impose a different sentence without allowing the defendant to withdraw the guilty plea.

[2]     All further statutory references are to the Penal Code unless otherwise specified.

address any problems with his plea or sentencing, giving some merit to the adage that one who represents himself has a fool for a client.

Perhaps more disturbing is the outcome of this case. Thornton's crime was failure to timely update his annual sex offender registration, concededly by only a few days. The record shows he had earlier tried to register at the El Cajon Police Department, but he failed to arrive in time for the department's very limited hours for such registrations. Lastly, Thornton was arrested at the San Diego Sheriff's Department where he had gone to update his registration. The punishment: six years in prison as a second strike offender, of which he will have to serve 80 percent. Our discomfort aside, we will affirm the judgment based on well-established principles of forfeiture.

PROCEDURAL BACKGROUND

After discussions with the trial court, and without any agreement by the prosecution, Thornton pleaded guilty to failure to register as a sex offender (§§ 290, subds. (b) & (c); 290.005, subd. (a); 290.018, subd. (b)). Thornton also admitted two prison priors (§ 667.5, subd. (b)) and one serious/violent felony prior conviction (§ 667, subds. (b)-(i)). Thornton also made a "*Cruz* waiver."

Thornton was released pending his sentencing hearing. However, he was arrested and charged with several misdemeanor offenses before the sentencing hearing.

Thereafter, Thornton filed a motion to withdraw his plea on the grounds his 1987 Tennessee conviction, on which the section 290 registration was based, was unlawful and that he had appeals pending with regard to challenges to the Tennessee conviction. The court denied the motion. The court declined to strike the serious/violent felony prior

3

conviction and sentenced Thornton to the middle term of two years, doubled because of the strike prior, plus two years for the prison priors.

Thornton appealed and obtained a certificate of probable cause (§ 1237.5).

STATEMENT OF FACTS

In 1987, Thornton was convicted in Tennessee of sexual battery, which later required him to register in California as a sex offender. Thornton was released from prison in California where he had been incarcerated for unrelated offenses in mid-September 2013. He was informed by his parole officer that he had to register. On October 17, 2013, Thornton was stopped by police and admitted he was late in his registration. He said he was on his way to register when he was arrested.

DISCUSSION

I

*PENAL CODE SECTION 1192.5*

Thornton claims his sentence must be vacated because the trial court failed to advise him that he could withdraw his guilty plea if the trial court could not honor the "indicated sentence" which was stated at the time of the plea. Section 1192.5 provides, in part:

> "Upon a plea of guilty . . . to an accusatory pleading charging a felony, . . . the plea may specify the punishment to the same extent as it may be specified by the jury on a plea of not guilty or fixed by the court on a plea of guilty, . . . .
>
> "Where the plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, . . . cannot be sentenced on the plea to a punishment more severe than that

4

specified in the plea and the court may not proceed as to the plea other than as specified in the plea.

"If the court approves of the plea, it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in that case, the defendant shall be permitted to withdraw his or her plea if he or she desires to do so. The court shall also cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea.

"If the plea is not accepted by the prosecuting attorney and approved by the court, the plea shall be deemed withdrawn and the defendant may then enter the plea or pleas as would otherwise have been available."

First, we are satisfied that Thornton has forfeited any challenge he may have to the plea or the sentence. Thornton was fully informed that he was making a so-called "*Cruz* waiver" and told the implications of violating the terms of such waiver would be that the court would not be obliged to stay with the indicated sentence. Literally, under such waiver Thornton had no right to withdraw his plea if he violated the terms of the waiver and the court thereafter rejected the indicated sentence. At the sentencing hearing the court asked Thornton several questions about the proposed sentence. First, Thornton was asked why he wanted to withdraw his plea. He said it was because of his 1987 Tennessee conviction and his on-going challenges of it, including an appeal in the Ninth Circuit Court of Appeals. When asked if there were any other reasons, Thornton said "No, sir."

Thornton was next asked if he had any comments on the *Cruz* waiver and his violation of the terms of that waiver. Thornton said: "No, sir." Finally, he was asked if he had any comments on the matter of sentence. Again his answer was: "No, sir." Thus,

5

it is clear that Thornton never raised any of the current issues at the time of sentencing.  It is well established that failure to timely object to sentences forfeits the right to challenge those sentences on appeal, unless the sentences are "unauthorized," which is not an issue in this case.  (*People v. Scott* (1994) 9 Cal.4th 331, 352-354; *People v. Villalobos* (2012) 54 Cal.4th 177, 182.)

Having failed to raise any challenge to the application of section 1192.5 or the *Cruz* waiver in the trial court Thornton has forfeited any such claim on appeal.  Even if these issues have not been forfeited, they are not meritorious.

II

*RESTITUTION FINE*

Thornton contends the court violated the "plea agreement" by imposing a $1,000 restitution fine.  Thornton did not raise any objection to the fine at the time of sentencing. Rather, he contends the fine was unauthorized because of his plea agreement.

First, there was no plea agreement.  Thornton entered his plea after receiving an indicated sentence from the trial court.  The prosecutor did not participate in the discussions and did not sign the change of plea form.

The record is ambiguous regarding the restitution fine.  Thornton did not check the box on the plea form, which he filled out, that indicated a restitution fine of up to $10,000 would be imposed.  Further, the court made a comment in reviewing the form that there would be no restitution, of course this is a victimless crime.  During the same discussion, however, the court said:  "It's a fine of up to $10,000, correct?"  To which Thornton

6

responded: "Yes, sir." The court went on to say: "There's no restitution involved, so you left that one blank."

If Thornton was confused about the terms under which he entered his plea, his remedy was to raise the issue in the trial court. He did not do so and thus he has forfeited the claim. (*People v. Villalobos, supra*, 54 Cal.4th at p. 182.)

As we have pointed out above, there was no plea agreement. Further, the record shows Thornton was aware that a fine of up to $10,000 would be imposed. Thus any confusion as to which box he should have checked on the change of plea form does not mean he was unaware of the potential for a substantial fine. It also negates any possible inference that Thornton had a "plea agreement" in which the court had agreed to waive a mandatory fine.

### DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

AARON, J.

7