Filed 10/27/15  P. v. Seyer CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PAUL HOLMES SEYER,<br><br>Defendant and Appellant. | F069025<br><br>(Madera Super. Ct. No. MCR0426808B)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Dale J. Blea, Judge.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

_____

[*]     Before Kane, Acting P. J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Pursuant to a plea agreement, appellant/defendant Paul Holmes Seyer pled no contest to a misdemeanor violation of former Penal Code[1] section 12280, subdivision (b)[2], unlawful possession of an assault weapon, and a felony violation of Health and Safety Code section 11357, subdivision (a), possession of concentrated cannabis. Approximately one year later, defendant moved to withdraw his plea. The trial court denied his motion and defendant contends the denial is error. He also contends the trial court imposed various fees in violation of the plea agreement. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

Because defendant entered a plea pursuant to a plea agreement, there was no trial. Therefore, the facts are taken from the preliminary hearing transcript.

In August 2011, Agent John Scomona was assigned to the California Highway Patrol's Central Valley High Intensity Drug Trafficking Area Fresno Methamphetamine Task Force. Scomona was charged with investigating major narcotics trafficking in Fresno and surrounding counties. Scomona was part of a team that executed a search warrant at an address on Highway 145 in Madera in August of 2011. During the execution of the search warrant, defendant was the only occupant of the residence who was present.

Defendant cooperated with the officers and gave them access to the main residence and the access code needed to enter an industrial garage on the property. As Agent Scomona was heading toward the back portion of the garage, he heard the humming of electricity and smelled marijuana. One area of the garage was blocked off with plywood and a drywall partition; this area contained a sophisticated indoor

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] Section 12280 was repealed by Stats. 2010, c. 711, § 4, operative January 1, 2012.

2.

marijuana growing operation and contained marijuana plants in various stages of growth. Following some additional investigation, Scomona determined the marijuana operation was being powered by stolen electricity.

Officers found 20 to 22 pounds of processed marijuana in various locations in the residence, including defendant's bedroom, and a drying room for the marijuana where stalks of marijuana were hung to dry. The processed marijuana was packaged in various sized bags, including small sandwich bags, one-gallon bags, and garbage bags. There was one medical marijuana recommendation posted in the grow room; it had expired and did not bear defendant's name.

In defendant's bedroom, officers located two loaded handguns; a Glock nine-millimeter and a .45-caliber pistol. Three assault weapons were found in another location near the drying room. The assault weapons were in an unlocked hutch, did not have trigger locks, and two of the weapons were loaded.

Defendant told Agent Scomona he was living at the residence in order to help cultivate the marijuana. Defendant claimed ownership of the handguns located in his bedroom and a firearms trace confirmed his ownership. Defendant acknowledged knowing of the presence of the assault weapons, but claimed they belonged to another resident and were being used for defensive purposes. Defendant stated he knew marijuana was being sold and who was selling it, but claimed he was not involved in any sales activity.

On April 17, 2012, an information was filed charging defendant with three counts of unlawful possession of an assault weapon (counts 1, 2, and 3); one count of unlawful cultivation of marijuana (count 4), and one count of possession of marijuana for sale (count 5). It was alleged that, during the commission of the count 4 and 5 offenses, a principal was armed within the meaning of section 12022, subdivisions (a)(1) and (2). Defendant pled not guilty and denied all allegations.

3.

On June 25, 2012, defendant entered a change of plea. The People moved to amend the information to reduce the count 1 offense to a misdemeanor and to add count 6, a felony violation of Health and Safety Code section 11357, subdivision (a), possession of concentrated cannabis. Pursuant to a plea agreement, defendant agreed to plead guilty or no contest to the amended count 1 and count 6, in exchange for dismissal of all other charges and enhancements.

The written plea agreement signed by defendant stated that he discussed the charges, enhancements, and possible defenses with his attorney and understood the consequences of entering a plea; defendant initialed this provision. He also initialed the provision agreeing there was a factual basis for the plea in the police reports, preliminary hearing transcript, and other sources. Defendant initialed that he understood his constitutional rights and was giving up those rights. Defendant initialed the statement that reads: "My lawyer explained this form and its entire contents to me and I understand what I have said in this Declaration and the consequences thereof." After initialing all the relevant provisions, defendant signed the form.

At the June 25, 2012, hearing the trial court asked defendant if he had discussed the plea agreement "with your attorney in detail," to which defendant responded, "Yes." The trial court then asked if defendant needed any further time to consult with his attorney regarding the plea agreement, to which defendant responded, "No." The trial court proceeded to verify that it was defendant who had initialed and signed the plea form; that defendant was waiving his constitutional rights; accepted a stipulation that a factual basis for the plea was contained in the preliminary hearing transcript; and accepted defendant's plea of no contest. Defendant was released on his own recognizance after entering the plea and told to report to probation.

A sentencing hearing was held on July 23, 2012. Defendant indicated he wanted to talk with his counsel before proceeding with sentencing, so the matter was continued. At the continued hearing on August 13, 2012, defendant indicated he wanted to withdraw

4.

his plea. In light of the request, the trial court appointed substitute counsel for defendant. There were several continued sentencing hearings; the continuances were granted to allow substitute counsel to prepare the formal motion to withdraw the no contest plea.

On June 12, 2013, defendant filed a motion to withdraw his plea on the grounds of mistake, inadvertence, or ignorance. The motion was supported by declarations and exhibits, including a declaration from defendant. In defendant's declaration, he opines that defense counsel never investigated the weapons charges, didn't challenge the validity of the search warrant, and did not consider that defendant had a medical marijuana recommendation in evaluating the case. Defendant also declared that there was no factual basis for the concentrated cannabis charge because his possession of marijuana was pursuant to his medical marijuana recommendation.

The People filed formal opposition to the motion to withdraw plea. In their opposition, the People opined that in light of defendant's responses to questions at the change of plea hearing, the motion should be denied as defendant apparently had "changed his mind" after entering into the plea. In response, defendant filed a second declaration.

A hearing on the motion to withdraw plea was held on November 1, 2013. The trial court had reviewed all of the documents filed in support of or in opposition to the motion, as well as the transcript of the hearing at which defendant entered his change of plea.

The trial court pointed out that at the change of plea hearing, defendant affirmatively stated that he had discussed the plea with his counsel and did not need any further time to discuss the plea; he initialed and signed the plea form, including the paragraph agreeing that there was a factual basis for the plea; acknowledged there was sufficient evidence to convict him at trial of the offenses; and asserted he understood his constitutional rights and was waiving those rights. In signing the plea form, defendant also declared under penalty of perjury that all the statements therein were true.

The trial court stated that the preliminary transcript provides a sufficient factual basis supporting defendant's plea and that prior to entering the change of plea, defendant did not indicate any dissatisfaction with his defense counsel. The motion to withdraw the plea was denied.

The trial court ordered that an updated probation report be prepared and set a continued sentencing hearing. The supplemental probation report was filed December 2, 2013. Sentencing was held on January 15, 2014, at which time the trial court imposed a sentence of three years of probation, subject to terms and conditions. Various fines and fees also were imposed.

On March 6, 2014, defendant filed a notice of appeal, challenging the validity of his plea, and sought a certificate of probable cause. The trial court granted the request for a certificate of probable cause.

## DISCUSSION

Defendant contends the trial court erred when it denied his motion to withdraw his plea. He also contends several fines imposed by the trial court violated the plea agreement. We disagree.

### I. Motion to Withdraw Plea

Under section 1018, a plea may be withdrawn for good cause, such as mistake, ignorance, or any other factor overcoming the exercise of free judgment. (*People v. Cruz* (1974) 12 Cal.3d 562, 566.) A trial court should grant a motion to withdraw a plea only upon a showing of good cause by clear and convincing evidence. (*Ibid.*) A trial court's denial of a motion to withdraw a plea will not be disturbed unless, in light of this standard of proof, the trial court has abused its discretion. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.) We conclude there was no abuse of discretion.

Defendant claims that he was under "duress" when he entered his plea because he did not believe his attorney was prepared to go to trial and entering a plea was his only option. Feeling pressured to enter into a plea does not constitute duress; defendant was

6.

under the same pressures as every other defendant faced with the option of going to trial or accepting a plea bargain. (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.)

The only evidence supporting this claim of "duress" was defendant's post-plea declaration, which the trial court is not bound to believe in light of his statements under penalty of perjury in the plea agreement form. In the plea agreement, defendant affirmatively acknowledged that he had had sufficient time to discuss the plea with his attorney, understood the nature of the charges, possible defenses, consequences of the plea, and was freely and voluntarily entering into the plea. When there is contradictory evidence, the trial court is entitled to resolve the conflict against defendant. (*People v. Hunt* (1985) 174 Cal.App.3d 95, 104.)

As for the purported inadequacies in representation that defendant asserts came to light after he entered his plea, there is no competent evidence supporting this ground. Defendant relies upon a declaration of Terence Moore, a family friend, who asserted defendant received inadequate representation from defense counsel. However, Moore's declaration and attached exhibits were stricken by the trial court on the basis Moore was rendering legal conclusions and was not a lawyer.

Moreover, defendant never raised a concern about defense counsel's representation with the trial court prior to entering his no contest plea. Defendant began receiving the benefit of his bargain immediately after entering his plea; he was released on his own recognizance as part of the plea agreement. Subsequent to entering into the plea agreement, defendant appears to have doubt about the wisdom of entering into the plea. A defendant's change of mind about the wisdom of a plea is not sufficient to set aside a plea. (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456.) Such doubt or change of mind is post-plea apprehension, or buyer's remorse. Post-plea apprehension, however, is not a valid basis for setting aside a plea agreement. (*People v. Knight* (1987) 194 Cal.App.3d 337, 344.)

7.

The trial court did not err, or abuse its discretion, in denying the motion to set aside the plea agreement.  (*People v. Weaver* (2004) 118 Cal.App.4th 131, 146.)

**II. Non-Mandatory Fines**

Defendant also argues that imposition of non-mandatory fines at sentencing violated the plea agreement.  Defendant has forfeited this issue.

Defendant contends several fines and fees were imposed that were not contemplated by the plea agreement.  Specifically, he challenges the fee of $73 per day for court-ordered confinement, pursuant to section 1203.1, subdivision (c); $36 per month supervision fee; $12.50 probation drug testing fee; $32 drug test confirmation fee; and $750 presentence report fee.  Because these fees were not specifically set forth in the plea agreement, he contends they cannot be imposed without violating the agreement.

Defendant raised no objection in the trial court to the fees he challenges in this appeal.  Failure to object to the imposition of these fees in the trial court precludes any challenge to these fees on appeal.  (*People v. Aguilar* (2015) 60 Cal.4th 862, 864, 867-868.)  Regardless, his claim lacks merit.

Defendant argues the plea agreement specified the maximum fine that could be imposed.  The plea agreement, however, also states "in addition to the fine, the Court will add assessments which will significantly increase the amount I must pay."  Defendant initialed this provision.  Absent an expressly negotiated term in the agreement concerning the amount of additional fines, or a promise during the plea colloquy, imposition of additional fines does not constitute more punishment than a defendant bargained for and thereby violate a plea agreement.  (*People v. Villalobos* (2012) 54 Cal.4th 177, 184.)

Although defendant maintains the holding of *Villalobos* only applies to mandatory fees, the principle applies to the discretionary fees in this case.  Nothing in the plea agreement precludes the imposition of additional fees; in fact, the plea agreement expressly contemplates otherwise when it states that "the Court will add assessments which will significantly increase the amount I must pay."  Defendant did not negotiate for

8.

any specific amount, or any specific additional assessments or fees; it was left to the trial court's discretion.  (*People v. Villalobos*, *supra*, 54 Cal.4th at p. 185.)

## <u>DISPOSITION</u>

The judgment is affirmed.