Filed 2/24/22  P. v. Vazquez CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

|  |  |
|---|---|
| THE PEOPLE, | C093644 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CR002194) |
| v. | |
| OSCAR AVILA VAZQUEZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Oscar Avila Vazquez filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We requested supplemental briefing on:  (1) the applicability of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3), Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 695, § 5), and Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, § 2) to this case; and (2) "[t]he inconsistencies between the advisements in defendant's plea form that say his custody credits will not exceed 20 percent, when defendant, by virtue of his conviction for a violation of Penal

1

Code section 288, is actually subject to a 15 percent limit (Pen. Code, §§ 667.5, 2933.1),[1] consistent with the court's custody credit award." Having reviewed the supplemental briefing and the record as required by *Wende*, we will remand for the limited purpose of allowing the court to select a sentence in light of the changes brought about by Senate Bill No. 567.[2] The judgment is otherwise affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant pleaded guilty to a lewd act on a child under the age of 14 (§ 288, subd. (a)), and in exchange two counts of sodomy on a child under the age of 10 (§ 288.7, subd. (a)) and two counts of sodomy by force on a child under the age of 14 (§ 286, subd. (c)(2)(B)) were dismissed. The stipulated factual basis for defendant's plea was Corning Police Department's report No. 19-1083. The court accepted his plea and referred the matter for preparation of a probation report and a section 288.1 examination.

On December 14, 2020, the court denied defendant's request for probation and sentenced him to the upper term of eight years in prison with 494 actual days plus 74 conduct days for a total of 568 days of custody credit. The court also incorporated the fines and fees as set forth in the probation report. These were a $1,800 restitution fine (§ 1202.4, subd. (b)), a $1,800 suspended parole revocation restitution fine (§ 1202.45), a $40 court operations fee (§ 1465.8), a $30 criminal conviction fee (Gov. Code, § 70373), and a $1,080 sex offender fee (§ 290.3) inclusive of penalty assessments.

Defendant timely appealed and received a certificate of probable cause "to have appellate counsel review the case for any possible issues on appeal including the validity of the plea."

---

**1**  Undesignated statutory references are to the Penal Code.

**2**  Given this conclusion, we need not address the applicability of Assembly Bill No. 124 or Assembly Bill No. 1540 to this case.

DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Nonetheless, the parties have responded to our request for supplemental briefing.

Having undertaken an examination of the entire record pursuant to *Wende*, we note the recent passage of Senate Bill No. 567 (2021-2022 Reg. Sess.), which altered the statutory scheme for selecting between triad terms under section 1170 subdivision (b). (Stats 2021, ch. 695, §§ 1.3, 2.) In light of this change and in accordance with the agreement of the parties that these changes apply retroactively to defendant's nonfinal judgment (see, e.g., *People v. McKenzie* (2020) 9 Cal.5th 40, 51; *People v. Stamps* (2020) 9 Cal.5th 685, 699), we have determined that a limited remand to allow the trial court to exercise its new sentencing discretion is required. We disagree with the People that remand is unnecessary because any error in not complying with the dictates of the new statute would be harmless under *Cunningham v. California* (2007) 549 U.S. 270. The People have not demonstrated that the court would have reached the same decision under the amended statute, and defendant is entitled to be sentenced by a trial court exercising informed discretion. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390-1391.)

Finally, we agree with the parties that defendant is not entitled to relief by virtue of the discrepancy in the advisement concerning the award of his custody credits. Defendant's failure to object to this discrepancy has waived this issue on appeal. (*People v. Walker* (1991) 54 Cal.3d 1013, 1023, overruled on other grounds in *People v. Villalobos* (2012) 54 Cal.4th 177, 183.) Further, even if we were to consider the discrepancy, defendant has not demonstrated any error was prejudicial. (*Walker*, at

3

pp. 1022-1023.) It is undisputed that defendant is subject to the 15 percent limit of section 2933.1, as section 288 is one of the enumerated offenses of section 667.5. Accordingly, the court's order awarding those credits at the 15 percent limitation was correct. There is nothing in the record to suggest defendant would not have entered his plea deal had he been advised otherwise. (*Walker*, at pp. 1022-1023 [uninformed waiver based upon consequences of plea will only be set aside if the defendant shows it is "reasonably probable" he would have changed his plea if properly advised of the consequences].)

## DISPOSITION

The sentence is vacated and the matter is remanded with directions to sentence defendant under Penal Code section 1170 as amended by Senate Bill No. 567. The judgment is otherwise affirmed.

_____/s/_____
RAYE, P. J.

We concur:

_____/s/_____
MAURO, J.

_____/s/_____
HOCH, J.

4