Filed 3/24/25  P. v. Vega CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JOAQUIN RAMIREZ VEGA, <br><br> Defendant and Appellant. | F087523 <br><br> (Super. Ct. No. MCR054692) <br><br><br> **OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Sosi Chitakian Vogt, Judge.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Darren K. Indermill and Erin Doering, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Meehan, J. and Fain, J.[†]

[†]     Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Defendant Joaquin Ramirez Vega appealed following his conviction by plea. His sole claim relates to the trial court's imposition of discretionary fines under Penal Code sections 672 and 294, subdivision (a),[1] which he argues was an abuse of discretion because it violated the terms of his plea agreement.

For the reasons that follow, we disagree and affirm the judgment.

## PROCEDURAL BACKGROUND

In 2017, for crimes committed against his daughter and two stepdaughters, defendant was charged with four counts of committing a lewd or lascivious on a child under the age of 14 years (§ 288, subd. (a); counts 1, 2, 4, 5) and one count of continuous sexual abuse of a child (§ 288.5, subd. (a); count 3). The operative information also alleged an extension of the statute of limitations (§ 803, subd. (f)(1)), and a multiple-victims special circumstance under the One Strike sentencing law (§ 667.61, subds. (b), (e)).

In December 2023, defendant pleaded guilty to two counts of committing a lewd or lascivious act on a child under the age of 14 years (§ 288, subd. (a); counts 1, 4) and one count of continuous sexual abuse of a child (§ 288.5, subd. (a); count 3), for a stipulated term of 20 years in prison. In January 2024, in accordance with the plea agreement, the trial court sentenced defendant to the middle term of six years on count 1, a consecutive middle term of 12 years on count 3, and a consecutive term of two years on count 4. The court also ordered defendant to register under section 290, and imposed a restitution fine of $300 (§ 1202.4, subd. (b)); a parole revocation restitution fine of $300, suspended (§ 1202.45, subds. (a), (b)); a fine of $890 (§ 672); a fine of $1,230 (§ 290.3); and a fine of $820 (§ 294, subd. (a)).

---

[1] All further undesignated statutory references are to the Penal Code.

Defendant timely appealed.[2] He claims that the trial court violated the terms of the plea agreement when it imposed a fine of $890 under section 672 and a fine of $820 under section 294, subdivision (a).

The People dispute any error.

We affirm the judgment.

## DISCUSSION

### I.  Forfeiture Doctrine and Failure to Provide Section 1192.5 Advisement

As an initial matter, the parties disagree whether defendant forfeited his claim by failing to object.  They agree, however, that the trial court did not admonish defendant pursuant to section 1192.5 and that defendant did not object during the entry of his plea or at his sentencing hearing.

"'[B]efore taking a guilty plea the trial court must admonish the defendant of both the constitutional rights that are being waived and the direct consequences of the plea.'" (*People v. Villalobos* (2012) 54 Cal.4th 177, 181 (*Villalobos*), quoting *People v. Walker* (1991) 54 Cal.3d 1013, 1022.)  "[B]ecause 'advisement as to the consequences of a plea is not constitutionally mandated,' 'the error is waived absent a timely objection.'" (*Villalobos, supra*, at p. 182, quoting *Walker, supra*, at pp. 1022, 1023.)  However, due process requires "that 'both parties, including the state, must abide by the terms of [a plea] agreement' and '[t]he punishment may not significantly exceed that which the parties agreed upon.'  [Citation.]  A defendant forfeits a claim that his punishment exceeds the terms of a plea bargain when the trial court gives a section 1192.5 admonition

---

**2**      "A defendant may not appeal 'from a judgment of conviction upon a plea of guilty or nolo contendere,' unless he has obtained a certificate of probable cause." (*People v. Cuevas* (2008) 44 Cal.4th 374, 379, quoting § 1237.5, subd. (b).)  Defendant did not obtain a certificate of probable cause in this case, but "'when the claim on appeal is merely that the trial court abused the discretion the parties intended it to exercise, there is, in substance, no attack on a sentence that was "part of [the] plea bargain." [Citation.]  Instead, the appellate challenge is one contemplated, and reserved, by the agreement itself.'" (*Cuevas, supra*, at p. 379.)

and the defendant does not withdraw his plea at sentencing." (*Villalobos, supra*, at p. 182, quoting & citing *Walker, supra*, at pp. 1024, 1025.)

Section 1192.5, subdivision (c), provides, "If the court approves of the plea, it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in that case, the defendant shall be permitted to withdraw the plea if the defendant desires to do so. The court shall also cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea."

The record does not reflect that the trial court gave the admonition required under section 1192.5, nor did the plea form initialed and signed by defendant contain the admonition. While the parties agree on this point, the People argue that because the court did not exceed the terms of the plea agreement, defendant's failure to object forfeits his claim. We are unpersuaded by this logic. The trial court did not admonish defendant under section 1192.5 and, therefore, defendant's failure to object does not forfeit review of his claim that the court's imposition of fines under sections 672 and 294, subdivision (a), violated the plea agreement. (*Villalobos, supra*, 54 Cal.4th at p. 182.) However, as discussed next, we find no error.

## II. Fines Imposed Within Range Contemplated by Plea Agreement

"[T]he process of plea negotiation 'contemplates an agreement negotiated by the People and the defendant and approved by the court. (§§ 1192.1, 1192.2, 1192.4, 1192.5; *People v. West* (1970) 3 Cal.3d 595, 604–608.) Pursuant to this procedure the defendant agrees to plead guilty [or no contest] in order to obtain a reciprocal benefit, generally consisting of a less severe punishment than that which could result if he were convicted of all offenses charged. (*People v. West* [(1970)] 3 Cal.3d [595,] 604.) This more lenient disposition of the charges is secured in part by prosecutorial consent to the imposition of

4.

such clement punishment (§ 1192.5), by the People's acceptance of a plea to a lesser offense than that charged, either in degree (§§ 1192.1, 1192.2) or kind (*People v. West, supra*, 3 Cal.3d at p. 608), or by the prosecutor's dismissal of one or more counts of a multi-count indictment or information.  Judicial approval is an essential condition precedent to the effectiveness of the "bargain" worked out by the defense and prosecution. (§§ 1192.1, 1192.2, 1192.4, 1192.5; *People v. West, supra*, 3 Cal.3d at pp. 607–608.)  But implicit in all of this is a process of "bargaining" between the adverse parties to the case—the People represented by the prosecutor on one side, the defendant represented by his counsel on the other—which bargaining results in an agreement between them.'" (*People v. Segura* (2008) 44 Cal.4th 921, 929–930 (*Segura*).)

"Because a 'negotiated plea agreement is a form of contract,' it is interpreted according to general contract principles.  [Citations.]  Acceptance of the agreement binds the court and the parties to the agreement.  [Citations.]  '"When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement."'" (*Segura, supra*, 44 Cal.4th at pp. 930–931.) "Although a plea agreement does not divest the court of its inherent sentencing discretion, 'a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain.  [Citation.]  "A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound." [Citation.]  Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly.  [Citation.]  Once the court has accepted the terms of the negotiated plea, "[it] lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree."'" (*Id.* at p. 931.)

In this case, paragraph 13 of the written plea agreement defendant signed specified, "My attorney has explained the possible sentence(s) to me, and I understand

5.

the maximum punishment of the plea(s) of GUILTY to be:" 20 years in prison, a $10,000 fine, a $10,000 restitution fine, and up to 10 years on parole. Separately, paragraph 18 of the plea agreement specified, "I have not been induced to plea GUILTY by any promise or representation of a lesser sentence, probation, reward, immunity, or anything else, except as stated below:" six years on count 1, 12 years on count 3, and two years on count 4 for an aggregate term of 20 years, with a stipulation to waive the statute of limitations.

Thereafter, the trial court advised defendant it could impose a fine up to $10,000 and a minimum restitution fine of $300. Defendant stated he understood. The court subsequently imposed a $300 restitution fine; a mandatory fine of $1,230 under section 290.3; and, at issue here, discretionary fines in the amounts of $890 under section 672 and $820 under section 294, subdivision (a). Defendant did not object.

Defendant acknowledges the agreement stated a maximum fine of $10,000 in paragraph 13, but he challenges imposition of the discretionary fines under sections 672 and 294 on the ground that paragraph 18 specifies only a 20-year aggregate sentence and does not mention any fines. On this ground, he characterizes the fines as additional punishment not contemplated by the parties, and he asserts that the ambiguity in the agreement must be construed against the prosecution.

We do not agree the fines exceeded the limits of the plea agreement.

"'If contractual language [in a plea agreement] is clear and explicit, it governs. (Civ.Code, § 1638.) On the other hand, "[i]f the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it." [Citations.]' [Citation.] 'The mutual intention to which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and

6.

subject matter of the contract; and the subsequent conduct of the parties.'" (*People v. Shelton* (2006) 37 Cal.4th 759, 767.)

As discussed, defendant was advised in writing and orally that the maximum punishment that could be imposed as a result of his guilty pleas was 20 years in prison, a fine of $10,000, a restitution fine of $10,000, and a parole term up to 10 years. The plea agreement also set forth, in a separate paragraph, both the specific prison terms agreed upon for each count in reaching the aggregate term of 20 years and defendant's waiver of the statute of limitations. However, defendant fails to persuade us there was any ambiguity or conflict in the plea agreement with respect to the imposition of fines. (See *Powerline Oil Co., Inc. v. Superior Court* (2005) 37 Cal.4th 377, 391 ["'"'[L]anguage in a contract must be construed in the context of that instrument as a whole, and in the circumstances of that case, and cannot be found to be ambiguous in the abstract.'"'"].) The written plea agreement clearly and expressly contemplated the imposition of a fine up to $10,000, separate and apart from the restitution fine.[3] Including imposition of the fine under section 290.3, which defendant does not challenge, the court imposed fines in the amount of $2,940, which was well below the $10,000 maximum set forth in the plea agreement. Therefore, we find no abuse of discretion in imposing fines under sections 672 and 294 totaling $1,710.

**DISPOSITION**

The judgment is affirmed.

---

**3** Defendant does not challenge the restitution fine, but we note the trial court's oral advisement differed in that it specified a $300 minimum restitution fine, which is what the court later imposed.

7.