Filed 12/30/25  P. v. George CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TREYSHAUN LARON TYRONE GEORGE,<br><br>Defendant and Appellant. | C102445<br><br>(Super. Ct. No. 62-190441) |

Defendant Treyshaun Laron Tyrone George pleaded no contest to evading a peace officer while driving against traffic.  The trial court sentenced him to a stipulated term of six years in prison.

On appeal, defendant contends his plea was not knowing, intelligent, and voluntary.  We conclude defendant was advised of the direct consequences of his plea, including his sentence, and that he knowingly, intelligently, and voluntarily entered the plea agreement.  We will affirm the judgment.

BACKGROUND

On March 3, 2023, a complaint filed in Placer County Superior Court charged defendant with evading a peace officer while driving against traffic (Veh. Code, § 2800.4[1] -- count one), assault with a deadly weapon (a vehicle) (Pen. Code, § 245,

---

[1] Undesignated statutory references are to the Vehicle Code.

1

subd. (a)(1) -- count two), misdemeanor resisting, delaying, or obstructing a peace officer (Pen. Code, § 148, subd. (a)(1) -- count three), and misdemeanor driving with a suspended or revoked license (§ 14601.1, subd. (a) -- count four).  The complaint further alleged that defendant had a prior strike conviction for attempted murder (Pen. Code, §§ 664/187, 1170.12, subds. (a)-(d), 667, subds. (b)-(i)), and as to count four, that he had a prior conviction for driving with a suspended license within the last five years (§ 14601.1, subd. (b)(2)).

At the arraignment, the trial court declared a doubt as to defendant's competence and ordered an evaluation.  Before defendant could be evaluated, however, he was arrested in Solano County and found incompetent to stand trial in that county.  Eventually, defendant was returned to competence in Solano County, and he was brought back to Placer County where he was reevaluated, found competent, and arraigned on the complaint.

Defendant entered into a plea agreement.  The terms of the agreement provided that he would plead no contest to evading a peace officer while driving against traffic and admit allegations that he had a prior strike conviction, and also a prior prison term as an aggravating circumstance.  He would be sentenced to an upper term of three years, doubled to six years for the prior strike, and the remaining charges would be dismissed.  Defendant initialed and signed a plea form setting forth the terms of the agreement.  The trial court confirmed the terms of the plea agreement with counsel, then said to defendant, "I want to just confirm with you if that's your understanding of what's going to happen here today."  Defendant responded, "Yes."

Before advising defendant of his rights, the trial court sought further confirmation from defendant:  "[W]e've already talked about what the terms are and what the total plea is.  It's written here on the plea form you've gone over with [defense counsel], and you've dated and signed it twice.  So this form also tells me that you talked with [defense counsel] about the consequences of your plea that are listed on both sides of this form,

2

and that you've gone over your constitutional trial rights, which I'm going to go over again in just a minute.  Is that all correct?"  Defendant responded, "Yes."

The trial court advised defendant that as part of the plea, he was waiving his rights to a preliminary hearing, a jury trial, to confront and cross-examine witnesses, and to present evidence and witnesses, including testifying on his own behalf.  Defendant stated that he understood those rights and agreed to waive them.  Defense counsel concurred in the waivers and stipulated to a factual basis for the plea.  Defendant entered his plea of no contest, admitted the prior strike conviction, and admitted the prior prison term as an aggravating circumstance.  The trial court accepted the plea, finding that it was knowing, intelligent, and voluntary.

According to defense counsel, defendant understood that admitting the aggravating circumstance was a necessary part of the plea agreement and that mitigating circumstances would be considered in the overall resolution of his case.  Nevertheless, defendant wanted to read a statement regarding mitigating circumstances before the trial court pronounced sentence.  Defendant began his statement by apologizing for his actions, which he now realized were rooted in his childhood trauma and his prior encounters with law enforcement.  Defendant noted his mental health illnesses and asked the trial court to consider those circumstances.

The trial court commended defendant on his presentation, but explained that if the trial court did something different than what the parties agreed to, the People would be able to withdraw the plea offer.  Defendant indicated he understood.

Consistent with the plea agreement, the trial court sentenced defendant to the upper term of three years in prison, doubled to six years for the prior strike.  While the trial court was addressing parole, defendant interrupted, stating that he thought he would be eligible for Post Release Community Supervision (PRCS).  Defendant then raised the amendments to Penal Code section 1170, noting that the policy behind the amendments was to avoid prison terms.  Defendant stated:  "It basically said . . . prison sentences are

counter-productive to recidivism. I just wanted to bring that to [the prosecutor's] attention and your attention as well. [¶] . . . [¶] I wanted to bring it up and see if [the prosecutor] had anything to say, or maybe he could take it into consideration with the plea and sentencing." The trial court responded, "we are where we are," and defendant replied, "All right. Upper term, not the middle term or lower term. All right." The trial court confirmed with the prosecutor that the mitigating circumstances had been considered as part of the agreement to dismiss the remaining charges.

Defendant obtained a certificate of probable cause.

## DISCUSSION

Defendant contends his plea was not knowing, intelligent, and voluntary because he did not understand the consequences of his plea. He claims that although the trial court and counsel understood the plea agreement to include a sentence of six years, defendant's statements during the sentencing hearing indicate he thought he had agreed to an open plea that would allow the trial court to select an appropriate sentence.

Before a trial court accepts a guilty or no contest plea, it "must admonish the defendant of both the constitutional rights that are being waived and the direct consequences of the plea." (*People v. Villalobos* (2012) 54 Cal.4th 177, 181 (*Villalobos*).) A plea is valid if the record affirmatively shows, under the totality of the circumstances, that there was a knowing, intelligent, and voluntary waiver of the defendant's constitutional trial rights. (*People v. Howard* (1992) 1 Cal.4th 1132, 1175, abrogated on other grounds as stated in *People v. Rhoades* (2019) 8 Cal.5th 393.) These rights include the right to trial by a jury, the right to confront and cross-examine witnesses, the right to present evidence and witnesses, and the right to testify on one's own behalf. (*Ibid*.)

On appeal, we review de novo whether a plea was knowing, intelligent, and voluntary. (*People v. Panizzon* (1996) 13 Cal.4th 68, 80.) We do so based on the totality of the circumstances. (*People v. Marlow* (2004) 34 Cal.4th 131, 147.) "Absent

4

something in the record raising a doubt defendant understood and knowingly waived his appeal rights, a written waiver of those rights by defendant, coupled with defendant's and his attorney's attestations to the court that defendant understood and voluntarily relinquished each right, is sufficient to establish a defendant's waiver . . . was knowingly, voluntarily, and intelligently made." (*People v. Cisneros-Ramirez* (2018) 29 Cal.App.5th 393, 400.)

Here, the record demonstrates that defendant understood he was agreeing to a sentence of six years. Before the sentencing hearing, defense counsel and defendant reviewed and signed a plea form containing the terms of the agreement and the waiver of defendant's rights. Defendant and his counsel reviewed and signed the form in August, and reviewed it again on September 16, 2024, the date of the hearing. At the very top, the plea form stated that defendant would be sentenced to the upper term of three years, doubled to six years because of his prior strike conviction. At the hearing, the trial court confirmed that defendant signed the form and reviewed the terms of the agreement, including the consequences of his plea and the waiver of his constitutional trial rights. In reviewing the terms of the agreement, the trial court specifically confirmed with defendant that he agreed to a sentence of six years, and the trial court described in detail how the parties arrived at that sentence. During that discussion defendant did not object to the sentence or disagree with any of the terms. He confirmed that he agreed to be sentenced to the upper term of three years, doubled to six years based on his prior strike.

After defendant asked the trial court to consider mitigating circumstances in sentencing, the trial court reminded defendant that it would have to allow the People to withdraw from the plea agreement if it did something inconsistent with the agreement. Defendant indicated he understood. He did not ask to withdraw his plea. Instead, he expressed hope that the mitigating circumstances and the amendments to Penal Code section 1170 would be considered. The trial court confirmed with the prosecutor that those factors were considered in agreeing to dismiss the remaining counts.

Defendant's exchange with the trial court and the prosecutor does not evidence a misunderstanding of the sentence with which he had agreed.  Rather, it suggests he hoped to convince either the court or the prosecutor to change the agreed sentence after the fact.  His statement of mitigating circumstances and his comments about Penal Code section 1170 and PRCS indicate a knowledge of current law, even if such law was not applicable to the plea agreement.

The totality of the circumstances demonstrate that the trial court adequately advised defendant of the terms and direct consequences of his plea, including the stipulated sentence of six years, and that defendant understood and voluntarily agreed to those terms.  (*Villalobos, supra*, 54 Cal.4th at p. 181.)

DISPOSITION

The judgment is affirmed.


            /S/
            MAURO, J.



We concur:



    /S/
EARL, P. J.



    /S/
HULL, J.



6